## MALOY *v*. MADGET.

47 241
142 674

SCHOOL FUND.—*Dog. Tax Fund.—Injunction.*—The dog-tax fund must be apportioned among the schools of the township and with the other funds appropriated for tuition, and an injunction will lie to prevent the use of said fund to employ a teacher in a single school district, or the use of said fund in advance of the general apportionment for tuition for the year.

From the Brown Circuit Court.

*J. S. Hester* and *F. T. Hord*, for appellant.

DOWNEY, J.—The appellant filed his complaint against the appellee as trustee of Johnson township, in Brown county, alleging that he, the plaintiff, was a voter and tax-payer of the township, and a resident of district number seven therein, and the head of a family therein, having children enumerated for, and entitled to, the benefit of common schools therein; that the defendant, on the 17th day of April, 1871, employed one William D. Roberts to teach school in said district, under and by virtue of an act of the General Assembly, entitled

"an act to provide for a general system of common schools, the officers thereof, and their respective powers and duties, and matters properly connected therewith, and prescribing the fees for certain officers therein named, and for the establishment and regulation of township libraries, and to repeal all laws," etc., approved May 6th, 1865, and acts amendatory thereof; that by virtue of said employment, said Roberts has proceeded to teach, and is now teaching a school in said district; that no special tax has been levied for the year 1870, or 1871, or for any preceding year, and none collected for school revenue for tuition in said township, or for tuition in said common schools; that no unexpended balance remains in said trustee's hands, after his settlement in March, 1871, with the board of commissioners of said county, belonging to any of the funds for common school purposes, for tuition in any manner, except a balance from the dog-tax fund, and the congressional township fund, each of which amounts to less than seventy-five dollars; that there are at least eight school districts in said township; that there are no schools being taught in said township, and none contracted for, except the one herein complained of; that the teaching of said school was contracted for, and is being taught, in advance of the apportionment of any of the common school funds for tuition for the year 1871 ; that it is proposed by the defendant to pay said teacher out of none of said funds; the said contract being made for the year 1871, was not contemplated, made, or formed as part of the management of the common school tuition fund, or in any manner connected therewith by defendant for the year 1870, but is based upon, and made in anticipation of, the revenue for common school purposes, and for tuition belonging to the school year 1871, and in advance of the apportionment aforesaid, and to the manifest disturbance of the common school system of said state. Prayer, that the defendant be enjoined from continuing the school, from paying out any of the common school fund aforesaid under said contract with said teacher, and for other proper relief.

Maloy *v.* Madget.

The defendant answered as follows: "That he admits the employment of the said William D. Roberts to teach in school district number seven, in Johnson township, in Brown county, but that the length of time which he is to teach, and the pay he is to receive, are left open and not agreed upon; and defendant says that he has now in his hands, as such trustee, the sum of sixty-three dollars and six cents from the dog tax of 1870, and the sum of fifty-six dollars and ninety-five cents of congressional fund from Monroe and Jackson counties, which funds he is not prohibited from paying out for tuition prior to the apportionment of state funds for the year 1871, and said school is needed, and the voters have petitioned for said school, and the fund is more than sufficient to keep said school open until after the apportionment of 1871. Defendant says that he acted, in the employment of said teacher and the opening of said school, in good faith and upon the expressed wish of a majority of the legal voters of said district."

Some part of this answer was struck out on motion of the plaintiff, as appears from the clerk's entries; but how much, or what part of it, we can not tell.

The plaintiff replied by a general denial of the answer; and for a second paragraph alleged that the defendant had not employed any teacher for any other school district for the year 1871, and no school is being taught therein, except as in the complaint mentioned, but that said dog tax is to be applied, if applied at all, to payment for the teaching of the school in complaint mentioned, and to no other school; that said defendant has not made any distribution of said dog tax among the several school districts of said township.

Upon these issues, the court found that the defendant should be enjoined from expending the said fund, except the dog-tax fund, prior to the apportionment of the same. The plaintiff, not being content with the decision of the court touching the expenditure of the dog tax, moved the court for a new trial, but his motion was overruled, and final judgment rendered according to the finding.

Two errors are properly assigned, viz.:   1. The overruling of the demurrer to the answer; and, 2. Refusing to grant a new trial.

The controversy seems to have narrowed itself down to the question, whether the township trustee can employ a teacher, in a single district of his township, to teach a school, when no other schools are being taught in the township, and pay him out of the fund arising from the dog tax, and in advance of the general apportionment of the tuition fund for the year.    Uniformity of apportionment among the counties, townships, cities, and towns, according to the enumeration of children therein, appears to be a central idea in the system of common schools in the State.    The apportionment among the counties, made by the state superintendent, is to be made on this basis.   3 Ind. Stat. 462, sec. 109, *et seq.* The auditor of each county is required to make the apportionment among the school corporations in his county on this basis.   3 Ind. Stat. 464, sec 118.   Section 11 of the act, 3 Ind. Stat. 444, reads as follows:

" All schools in a township shall be taught an equal length of time, as nearly as the same can be done, without regard to the diversity in the number of pupils at the several schools, or the cost of the school, and each of said schools shall be numbered," etc.

The act relating to dogs, etc., 3 Ind. Stat. 15, sec. 4, after providing for paying the moneys for sheep killed by them, out of the tax levied and collected, has this proviso:

" Provided, however, that when it shall so happen on the first Monday in March of each year, in any township, that the said fund shall accumulate to an amount exceeding fifty dollars, over and above orders drawn against the same, that the surplus over said sum of fifty dollars shall be paid to the credit of the school revenue of the township, and shall be expended in the payment of tuition within said township as other funds received for that purpose."

Thus the dog-tax fund seems to be associated with the

tuition fund derived from other sources, to be expended " as other funds received for that purpose."

It is provided by the school law, that the school revenue for tuition shall not be expended for any other purpose, nor even for that purpose, in advance of its apportionment to the respective corporations. 3 Ind. Stat. 443, sec. 8. It seems to us that there is no reason for enjoining the trustee from using the other part of the tuition fund for the support of the school in question, that does not apply with equal force to the use of the dog-tax fund.

As we understand the complaint and answer, the trustee is having the school taught, intending to use the whole amount of the fund arising from the dog tax in paying for it alone. We can see no reason why he should do this. That fund should not be used exclusively for the support of one school in the township to the neglect of all others. It is a fund to which all the schools in the township have an equal claim, and it should be apportioned by the trustee among the schools, with the other tuition funds, accordingly. We think it must follow, also, that it should await the apportionment of other funds, appropriated for tuition, before it is expended.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the answer.