Shelby Township, Tippecanoe County, *v.* Randles.

## SHELBY TOWNSHIP, TIPPECANOE COUNTY, *v.* RANDLES.

DOG TAX FUND.—*Sheep.*—*Mandate.*—Mandate against the township trustee is not the proper remedy against the township by the owner of sheep which have been killed by dogs.

SAME.—*Township Liable.*—*When.*—Where such trustee has in his hands funds derived from the dog tax, which he refuses to apply to the payment of just claims for sheep killed by dogs, the township is liable to the owner of such sheep, in an action by him for the value thereof.

SAME.—*Priority of Claims.*—Such claims must be paid in the order of their priority, out of such fund, as it is collected from year to year, it not having been intended by the Legislature that such fund for each year should satisfy such claims only as accrued in that year.

From the Tippecanoe Circuit Court.

*J. M. Larue* and *F. B. Everett,* for appellant.

*M. Jones, J. L. Miller* and — *Rising,* for appellee.

BIDDLE, C. J.—The appellee sued the appellant, under the act of March 2d, 1865, (1 R. S. 1876, p. 69, sec. 4,) for damages sustained for sheep killed by dogs.

The township trustee executed to the appellee the following certificate:

"SHELBY TOWNSHIP, MONTMORENCY, June 18th, 1873.

"This certifies, that there is owing to Benjamin Randles fifty-two dollars ($52.00) from sheep fund, as per statement on file in my office.

"R. G. McQUEEN, Trustee Shelby Towns."

The complaint sets forth the certificate above, and avers, that, ever since the making of the certificate, there has been, and now is, sufficient money in the hands of the trustee, belonging to the "sheep fund," so-called, to pay the certificate. Wherefore, etc.

Other formal averments are properly made.

A demurrer to the complaint, stating as ground the insufficiency of the facts alleged, was overruled, and exception reserved.

Answer; trial by the court; finding and judgment for the appellee.

At the trial, the certificate was introduced in evidence, and the following additional facts admitted by the parties:

"That R. G. McQueen was, in 1873, trustee of Shelby township, has been ever since, and still is, such trustee; that for the year beginning March 1st, 1873, and ending March 1st, 1874, he, as such trustee, received one hundred and thirty-five dollars and forty-one cents of the 'sheep fund,' and paid out one hundred and forty-two dollars and sixty-five cents; that the plaintiff had valid claims against the fund, during that year, for ninety-two dollars, in two items, one of forty dollars and one of fifty-two dollars; that the trustee gave the voucher sued on; that the whole amount of valid claims for that year was three hundred and twenty-six dollars and fifty cents; that plaintiff received forty dollars on his claims; that, in the year commencing March 1st, 1874, the trustee received one hundred and fifty-four dollars and thirteen cents belonging to that fund; that the claims for sheep killed amounted to one hundred and forty-seven dollars and thirteen cents for that year, which was paid out to the claimants; that, for the year commencing March 1st, 1875, he received one hundred and fifty dollars and three cents, and the sheep killed, for which claims have been allowed that year, will consume the whole amount. This was all the evidence in the case."

In support of its demurrer, the appellant insists:

1.  That, if the appellee had a claim on the fund, the only remedy was against the township trustee by mandate.

In this view, we think it is mistaken. A mandate will not lie when there is any other legal remedy; nor to compel the performance of a discretionary act.

2.  That the township can not be held liable, in such cases, without an express declaration of such liability by the Legislature.

It is sufficient answer to this, to say, that the Legislature does not declare the liability of the township in all classes of cases. The township is a corporation which is author-

ized to sue, and is liable to be sued; and if it has money in its hands, belonging to any other person, which it will not pay over, it may be sued, and must be held liable like any other person.

3.  That the complaint should aver a sufficiency of this fund, for the year ending March 1st, 1874, to pay the plaintiff's claim.

That is, if we understand the argument, the dog tax of each year must pay the claims for sheep killed the same year; and if the claims for any year exceed the amount of the tax for the same year, the claims must go unpaid. We do not think this would be a fair construction of the act, unless the dogs will agree to kill no more sheep each year than can be paid for by the amount of the tax for the same year. If they were to kill no sheep during a given year, all of the dog tax for that year over fifty dollars—according to the provisions of section 4 of the act—would go to the school revenue of the township; then if they should, the next year, kill twice as many sheep as the dog tax would pay for, the school revenue would have the money, and the claims for sheep killed would go unpaid. This is not the meaning of the act. Its main purpose is to make the dog tax pay for the sheep killed. Its secondary purpose is, when the dog tax is not required to pay for the sheep killed, to give it to the school revenue. The sheep must be paid for first, in the order in which the claims are made, without reference to the year in which they are killed, or the year in which the tax is collected; then the surplus over fifty dollars, if any, must be paid to the school revenue.

The demurrer was properly overruled.

By a motion for a new trial, and the proper exceptions, the appellant has presented the question of the sufficiency of the evidence to support the finding. The facts admitted show that the township has, or has had, money in its hands, out of which the appellee's claim should have

been paid, in preference to those which subsequently accrued.

The evidence, in our view of the case, supports the finding.

We can not perceive that the case of *Maloy* v. *Madget,* 47 Ind. 241, affords the least support to the views of the appellant, although it is cited. The questions presented in this case were not involved in that case. The direction in which that case points, however, is against the appellant.

The judgment is affirmed, with costs.