The School City of South Bend v. Jaquith, Trustee.

---

No. 10,711.

THE SCHOOL CITY OF SOUTH BEND v. JAQUITH, TRUSTEE.

| 90 | 495 |
| 142 | 673 |
| 90 | 495 |
| 150 | 171 |
| 150 | 172 |

SCHOOL REVENUE.—*Dog Tax Fund.—Township.—City.—Trustee.*—Where a township embraces within its limits a city, the whole of the surplus fund in excess of $50 arising from the registration of dogs, must, under the act of April 13th, 1881, Acts 1881, p. 395, section 2651, R. S. 1881, be transferred to the school revenue of the township, and no part of it belongs to the school revenue of the city, and the trustee of the township is not authorized to apportion it between the township and the city.

From the St. Joseph Circuit Court.

*A. Anderson*, for appellant.

*L. Hubbard*, for appellee.

BEST, C.—The School City of South Bend brought this action against Andrew J. Jaquith, trustee of the township where the city is situated, to recover a portion of the surplus fund which had accumulated from the registration of dogs.

The court found the facts specially, stated its conclusions of law, and rendered judgment for the appellee. The appellant excepted to the conclusions of law, and assigns this ruling as error.

The court found that the city of South Bend is situated in Portage township, St. Joseph county, Indiana, and that the appellee is now, and was on the 1st day of October, 1882, trustee of said township; that on the said day he had in his hands the sum of $273.80 which he had received for the registration of dogs, which sum was in excess of all orders drawn upon such fund, and in excess of the further sum of $50; that at that time there were 5,211 children in said city, and within the township outside of said city there were 265 children subject to enumeration for school purposes.

The appellant insists that this sum should be apportioned between the School City of South Bend and the School Township of Portage, in proportion to the number of children in each, and this is the question presented by this record.

The act of April 13th, 1881, which authorized the collection of this fund, and which directs the disposition of the surplus, provides that " when it shall so happen on the first Monday of October of each year, in any township, that said fund shall accumulate to an amount exceeding fifty dollars over and above orders drawn against the same, the surplus above the said fifty dollars shall be paid and transferred to the school revenue of the township, and expended as a part thereof for tuition."

This section in plain and explicit language directs the trustee to transfer the surplus to the school revenue of the town-

ship. Where a township does not embrace within its limits a city or an incorporated town, there is no difficulty in determining the fund to which the transfer is to be made. Where, however, a township embraces within its limits a city, there is more difficulty. In such case each has a school revenue, and the difficulty arises in determining whether both constitute the school revenue of the township, or whether such revenue consists of the fund apportioned to the school township. If both constitute the school revenue of the township, the appellant was entitled to a portion of the surplus; if not, the judgment was right.

A brief reference to the statutes in force upon this subject will enable us to determine this question.

Section 4438 of the R. S. of 1881 provides that "Each civil township and each incorporated town or city in the several counties of the State is hereby declared a distinct municipal corporation for school purposes, by the name and style of the civil township, town, or city corporation respectively," and the trustees of each shall perform the duties of clerk and treasurer for school purposes.

Under this statute, the civil township of Portage embraces within its limits two distinct municipal corporations for school purposes—one the School City of South Bend and the other the School Township of Portage. For school purposes they are distinct and independent corporations—one embracing the territory within the city limits and the other the territory outside the city limits. The trustee of the civil township, by virtue of his office, is treasurer of the school township, and, as such, receives and disburses its funds. The school city has its treasurer, who, in like manner, receives and disburses its funds. These officers are distinct and control separate funds, which are apportioned to their respective corporations at stated times. Section 4486 of the R. S. of 1881 requires the county auditor to make an apportionment of the school revenue to which his county is entitled, to the several

townships, incorporated towns and cities, and the sum so apportioned to each is required to be paid to the treasurer of such township, town or city.   In making this apportionment, he must ascertain the amount of congressional township school revenue belonging to each city, town, or township, so as to apportion the other school revenue in such manner as to equalize the apportionment.

Section 4441 requires the trustees of every township, incorporated town, or city to receive the special school revenue belonging thereto, and the revenue for tuition which may be apportioned to his township, town, or city, and to expend the same for the purposes for which they were appropriated.

From these various sections of the statute, it is apparent that these several municipal corporations for school purposes have each a distinct and separate fund.   These belong to them as school corporations.   Each fund is school revenue, not of the civil township, but of the several school corporations. After as before the apportionment, each fund is school revenue, but after apportionment the fund allotted to the school township becomes "school revenue of the township."   It is not so declared by any statute; but school revenue apportioned to a city or town could hardly be denominated "school revenue of the township," and since the statute directs the surplus to be transferred to such fund, it must be that the fund apportioned to the school township is the fund intended.   This conclusion is somewhat strengthened by the significant language of the statute. The surplus "shall be paid and transferred to the school revenue of the township." Strictly speaking, this surplus could not be paid to a fund, but it may be transferred, and since this is required the requirement implies that both funds are in the hands of the same officer.   Again, the fact that the trustee is not expressly directed to apportion this surplus, and does not possess the data for doing so, strongly supports our conclusion that the statute does not require it.

The fact that the bulk of this fund comes from the people living within the city, and that it seems inequitable not to al-

low them to share it, is, at most, a mere circumstance to be considered; but this can not control the express language of the statute. The Legislature had the undoubted power to dispose of this surplus, and having done so, by requiring it to be transferred to the school revenue of the township, when that fund is ascertained construction ceases.

For these reasons, we are of opinion, that the court did not err in its conclusions of law, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.