No. 17,241.

TAGGART, AUDITOR, ET AL. *v.* THE STATE, EX REL. WILLIAMS.

COMMON SCHOOLS.—*Surplus Dog Fund.—How Distributed.—Township Trustee.*—The surplus dog fund. in the hands of a township trustee should be distributed among the school corporations in the township in proportion to the school population of each corporation at the time when such fund should have been distributed, where, since its collection. the division lines of such corporations have been changed.

From the Marion Superior Court.

*Ayres & Jones, A. V. Brown* and *H. C. Allen,* for appellants.

*C. A. Dryer,* for appellee.

HOWARD, J.—This was an action brought by the appellee's relator, as treasurer of the board of school commissioners of the city of Indianapolis, against the appellant, Thomas Taggart, auditor of Marion county, to obtain a mandate requiring said auditor to distribute the surplus dog fund which had, upon the first Monday of March, 1891, been paid to the treasurer of Marion county by the respective trustees of the several townships of said county; and requiring, also, that said auditor issue to the relator, as such treasurer of said board of school commissioners of said city, a warrant for the portion of such surplus fund which should come to said city upon a distribution of the fund, in the same manner as the interest upon the congressional school fund is distributed by law. The appellant, Samuel N. Gold, as trustee of Center township, and also as trustee of Center school township, in said county, being the township in which said city is situated, was, upon his petition as intervener, also made a party defendant in the trial court. Separate demurrers were filed by each of the defendants to the alternative writ of mandate, which were overruled and the rulings excepted to. Each defendant then filed a separate return to the alternative writ, to which demurrers by the appellee's relator were sustained, and the appellants excepted. The questions presented on this appeal are upon the rulings of the court upon the several demurrers.

The petition and alternative writ show that the sums paid to the county treasurer, on the first Monday of March, 1891, by the several township trustees of Marion county, as surplus dog fund, left after payment of all losses on account of sheep killed or maimed, amounted to $4,882.42, which sum remained in the hands of said county treasurer on the second Monday of March, 1891,

and has since remained in the hands of said treasurer, although this relator has several times demanded of said auditor that he make distribution of said surplus dog fund, and issue to said relator, as treasurer of said board of school commissioners, a warrant for the payment of the portion of such surplus coming to said city.

It is contended by the relator, that the surplus fund so in the hands of the county treasurer on the first Monday of March, 1891, having been assessed and collected under the act in force March 7, 1883 (Acts 1883, p. 148), as amended by the act approved April 8, 1885 (Acts 1885, p. 161), should have been distributed on the second Monday of March, 1891, as provided in said last act, "for the schools of the county, in the same manner that interest upon the congressional school fund is distributed."

The appellants, on the other hand, contend that, inasmuch as the acts of 1883 and 1885 were repealed by the act on the same subject, approved March 5, 1891 (Acts 1891, p. 453; sections 2848 to 2864, R. S. 1894); and inasmuch as section 236 of the general act concerning taxation, approved March 6, 1891 (Acts 1891, p. 286; section 8654, R. S. 1894), was in force on said second Monday of March, 1891; therefore the distribution of the fund must be made under the provisions of said last mentioned section, which requires that the dog fund should "be paid over by the county treasurer to the proper township trustee," and that the surplus of said fund, left after payment of losses on account of sheep, should "be expended by such trustee for the use of the school revenue of the township."

After the judgment was rendered in this case, but before the appeal was taken, this court, in the case of *Florer, Treas.,* v. *State, ex rel.,* 133 Ind. 453, decided that when the act of March 6, 1891, concerning taxation,

was passed, the laws of March 7, 1883, and April 8, 1885, in relation to the taxation of dogs, were not in force, having been repealed by the act of March 5, 1891, on the same subject; and, further, that said section 236 of the act of March 6, 1891, being in force on and after that date, made the township trustee the custodian of the dog fund for the purposes mentioned in the statute; and that, when properly applied for, the county treasurer is required to pay over said fund to such trustee; and to that holding we still adhere.

The primary purpose for which the dog fund is assessed and collected, is for the payment of losses suffered in the township by the killing and maiming of sheep by dogs. After this primary purpose has been satisfied, and there remains in the fund a surplus in excess of fifty dollars, the trustee is required, by said section 236, to expend such surplus "for the use of the school revenue of the township." As this provision of the law was in force on the second Monday of March, 1891, and has been in force ever since; it follows that the auditor could not be required on that day, or afterwards, as adjudged by the trial court, to "make distribution of the said sum of $4,882.42, the surplus of the county dog fund in the county treasury, for the schools of said county, in the same manner that the interest upon the congressional school fund is distributed under the law." The custody of the fund is in the township trustees of the several townships.

Counsel for appellee admits this to be the case as to the surplus of such parts of the dog fund as have been assessed and collected since the present law went into effect, but insists that the distribution of all funds assessed and collected prior to the passage of the present law must be made under the former laws. The reasoning by which such conclusion is reached, if ingen-

ious, is fallacious. Political and municipal corporations and their officials are but the creatures of the law-making power, and have no vested rights in public funds entrusted to their care. Such funds are always under the sovereign control of the Legislature, subject only to such limitations as may be imposed by the constitution. Certainly, in this case, townships that had diminished or wholly exhausted their dog fund, in paying for their killed or maimed sheep, had no vested right in any part of a dog fund raised by taxation on dogs in other townships. The Legislature had an undoubted right to say that such dog fund should be put into the custody of the several township trustees of the respective townships in which the fund had been raised by taxation, no matter under what laws the fund had been assessed or collected. It was most strictly in accordance with the constitution that the fund should, in each case, be distributed and used in the township in which it was levied. Such change in the law was getting nearer to the constitution, rather than farther away from it. It might well be questioned whether the act of 1885, which created a county dog fund, and supplied deficiencies in one township by drawing from the fund raised in other townships, was itself in harmony with the constitution; but the question is not before us, and we do not decide it.

It is finally argued by counsel, that the present law, section 236, of the act of March 6, 1891, *supra*, must be invalid, for the reason that, in townships containing a city school corporation, in addition to, and distinct from, the school township, as in the case before us, a large part, indeed the greater part, of the dog tax is collected from the inhabitants of the city, and yet the custody of the fund so collected is placed in the hands of the township trustee, the surplus to be "for the use of the school revenue of the township," thus excluding the inhabi-

tants of the city from a participation in the distribution of the fund collected from them in common with the other inhabitants of the township.

It is true that in the case of *School City* v. *Jaquith, Tr.,* 90 Ind. 495, this court decided that, under a similar statute, the city was not entitled to share in the distribution of the surplus dog fund.   It would seem, however, from an examination of the opinion in that case, that the constitutional question was not there raised, as it is here, but that the matter before the court was simply an interpretation of the statutes.   And while it was intimated in that case that the statute was inequitable, yet it was held to be valid.

It is our duty, when the question is presented, if possible, to reconcile the statute with the constitution, rather than to hold the statute unconstitutional.

By section 1, art. 8, of the constitution, the General Assembly is required "to provide, by law, for a general and uniform system of common schools."   By section 22, art. 4, the Legislature is forbidden to pass local or special laws, "providing for supporting common schools, and for the preservation of the school funds."   By section 23, art. 1, it is provided that "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

There is reason in the contention of counsel, that these provisions of the constitution would be violated by a law which should provide that a school fund raised by taxation upon the citizens of that part of a township within the limits of a city, might be turned over to the citizens of that part of the same township without the limits of the city.

In *Kerlin* v. *Reynolds*, 142 Ind. 460, it was held by this court that property within the limits of a city can-

not be taxed for purely township purposes, in which the residents of the city have no part.

In *Robinson, Treas.*, v. *Schenck*, 102 Ind. 307, it was said that: "The Legislature cannot make an unequal distribution of money derived from a general levy, make an unequal general levy, or grant to some school corporations benefits or rights withheld from others."

In *Maloy* v. *Madget*, 47 Ind. 241, the controversy was, whether a township trustee could employ a teacher in a single district of his township, to teach a school, when no other schools were being taught in the township, and pay him out of the fund arising out of the township dog tax. The court held that this could not be done; that the dog tax "is a fund to which all the schools in the township have an equal claim, and it should be apportioned, by the trustee, among the schools, with the other tuition funds, accordingly."

The reasoning in the case last cited may be applied to the present case; for if the whole township, including the city, is a taxing district for the assessment and collection of taxes on all dogs therein, the surplus over fifty dollars of the fund thus created, after the payment of sheep losses, being "for the use of the school revenue of the township," then it would seem that, whether one school of the township, or all the schools of a certain part of the township, are deprived of their share of the fund, the result is the same; and that that uniformity of apportionment in the State, and in each county, township, city and town, according to the enumeration of children in each, which appears to be a central idea, as well as a constitutional requirement, in the system of common schools, is violated.

It is not clear, however, that the present law for the distribution of the surplus dog fund, section 236 of the

act of March 6, 1891, *supra*, is obnoxious to the constitutional inhibitions which we have been considering; or that the Legislature, in enacting that statute, intended thereby that the fund should be distributed solely to the schools of the township, outside the limits of incorporated cities and towns therein situated.    If the statute can be interpreted so as to show that its provisions are in conformity with the constitutional requirements, that, as we have already said, should be done.    The presumption always is, that the Legislature, in the enactment of a statute, did not intend that it should infringe upon the constitution.

As a matter of fact, the statute does not, in terms, provide that the surplus dog fund in the hands of the township trustee shall be distributed to the school township.    The language is: "The surplus over said sum of fifty dollars shall be expended by such trustee for the use of the school revenue of the township."    We are of opinion that by this provision the township trustee is required to turn over to each school corporation in his township, its proportion of said surplus dog fund in his hands, *pro rata*, according to the school enumeration in each of such school corporations.

The previous legislation on this subject is instructive in this connection, and leads to the same conclusion. In the act approved March 14, 1877 (Acts 1877, special session, p. 74), after providing, as in the present law, that the surplus dog fund in the hands of the township trustee should be "placed to the credit of the tuition fund of such township," the following provision was added: "The township trustees of the several townships are hereby authorized to pay the same to school trustees of incorporated towns or cities, their proportion, *pro rated*, according to the enumeration, for school purposes within such township."

This provision does not seem to have been expressly, if even impliedly, repealed. The act of 1881 (Acts 1881, p. 397) provides only that laws "in conflict" with that act are repealed; but the clause of the act of 1877 for paying to school trustees of cities and towns their *pro rata* share of the surplus dog fund tax, is not in conflict with anything in the act of 1881. In like manner the repealing clause of the act of March 5, 1891 (Acts 1891, p. 455), repeals, *pro tanto*, all laws "in conflict." And while the act of April 8, 1885 (Acts 1885, p. 161), was, as we have said, of doubtful constitutionality; yet, even there the effort was made to distribute the surplus fund to all "the schools of the county," including, of course, those of school towns and cities.

Whether, therefore, we consider this distribution clause of the act of 1877 as still in force or not, there is no doubt, as we think, that in all these acts, as well as in the present law, the Legislature manifested an intention to divide the surplus dog fund amongst all the schools in the township, including those in cities and towns, in proportion to the school enumeration in each. The custody of this fund is in the hands of the township trustee; but he must account to each school town and school city within his township for their proportional share of the fund. In case a city or town should be situated, in part, in two or more townships, the distribution must be made in like manner by the trustee of each township, in proportion to the school children of each corporation, living in each of such townships. Any other interpretation of the statute would not only be inequitable, but also in violation of the letter and spirit of the constitution. *School City* v. *Jaquith, Tr., supra,* must therefore be overruled.

As, however, the trial court in this case held, in effect, that the custody of the dog fund is not in the

hands of the township trustee, the judgment is reversed, with instructions to sustain the appellants' demurrer to the alternative writ of mandate, with leave to amend the pleadings or to file new pleadings, and for further proceedings not inconsistent with this opinion.

Filed March 21, 1895.

## ON PETITION FOR REHEARING.

HOWARD, J.—In the petition for a rehearing of this case, it is said that since the levy and collection of the dog tax herein certain populous parts of Center township have been annexed to the city of Indianapolis, and, perhaps, to other municipal corporations in said township; and that it would therefore be unjust now to divide the surplus dog fund in the hands of the township trustee in proportion to the school population of the several school corporations in the township, as they now exist; and we are referred to *Zartman, Tr.,* v. *State, ex rel.,* 109 Ind. 360, as illustrating the equity that ought to be observed in this case.

We are in entire accord with the justice shown in the decision referred to; but we do not think the decision of the court in the case at bar contemplates any such inequitable distribution as apprehended by counsel. The township trustee should distribute to each of such school corporations, including his own, their *pro rata* share of the surplus dog fund in his hands, in proportion to the school population in each corporation at the several times when the fund should have been distributed to them by him.

The petition is overruled.

Filed December 11, 1895.