HERITAGE, TREASURER, *v.* BRONNENBERG.

[No. 3,327. Filed December 18, 1900.]

COUNTIES.—*Action Against Treasurer for Money Owing by County.*— An action at law cannot be maintained against a certain named person as county treasurer to recover a judgment for money owing by the county.

From the Madison Superior Court. *Reversed.*

*M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellant.

*J. R. Thornburgh* and *D. L. Bishopp,* for appellee.

ROBINSON, J.—Appellee sued appellant on the following warrant: "No. 1732. Specific payable out of county revenue. $112.50. Auditor's office, Anderson, Ind., March 18, 1893. Treasurer of Madison county, Indiana. Pay to Fred Bronnenberg the sum of one hundred twelve and

50-100 dollars, for damages on Martin O'Briant road, as allowed by the-commissioners' court of said county at their March term, 1893. This order is drawn subject to all taxes due from the holder. Attest, C. H. Allen Audr. Madison county. Indorsed, Paid April 23, 1894. William Boland."

Appellee avers in his complaint, which is entitled "Frederick Bronnenberg v. Cyrenus F. Heritage, Treasurer of Madison county, Indiana," that the warrant was issued to him, but that on the 23rd day of April, 1894, it was presented for payment by another person · who had illegally obtained possession of it and was paid by Boland then treasurer; that in March, 1896, appellant learned that the former treasurer had paid the warrant by mistake to the wrong person, who thereupon paid back the money to appellant which sum is now held by him as treasurer; that appellee is the person named in the warrant, and that he received it from the auditor and receipted therefor September 8, 1899, and on the same day presented it to appellant and payment refused; that appellee has never received any money on the warrant, that he is the owner thereof, and that the same is past due and unpaid. "Wherefore, the plaintiff demands judgment against the defendant for the sum of one hundred twelve and fifty-hundredths ($112.50) dollars,. and for all other relief." The warrant is filed as an exhibit.

A demurrer to the complaint was overruled. Answer in one paragraph to which a demurrer was sustained. Appellant refused to plead further and judgment was rendered, "that the plaintiff recover of the defendant as treasurer of Madison county, Indiana, on warrant No. 1732 dated March 18, 1893, the sum of the amount of said warrant, the sum of one hundred and twelve dollars and fifty cents. It is further considered and adjudged by the court that Madison county, Indiana, be taxed with all costs of this action in the sum of $........" The rulings of the court on the

demurrers to the complaint and answer are assigned, as errors.

This is not a proceeding in mandamus. No writ was prayed and none was issued. None of the formalities observed in invoking this extraordinary power of the court were observed in bringing the action and it is evident that the proceeding was not begun on that theory. Counsel have not argued the case upon that theory. It is manifest from the pleading that the proceeding was intended to be, and is, an ordinary civil action. We have said this much for the reason that were it a proceeding in mandamus appellate jurisdiction would not be in this court. Whether mandate would lie in such a case it is not necessary for us to determine. See *Marks* v. *Trustees, etc.*, 56 Ind. 288; *Shelby Tp.* v. *Randles*, 57 Ind. 390; *Wood* v. *State, ex rel.*, 155 Ind. 1.

As, we construe the pleading it is a proceeding to recover a sum of money from a named person as treasurer of the county. The pleading could lead to a judgment only against the person as treasurer and that would be in effect a judgment against the county. No judgment is asked against anyone in his individual capacity. And this seems to have been the view of the trial court as a judgment was rendered against the person as treasurer for the amount of the warrant, and judgment for costs was rendered against the county. If the county owes the appellant he has a remedy to recover the sum owing. But he is not here pursuing that remedy. He cannot recover it in an ordinary action at law against the county treasurer. The county treasurer alone is sued. The county is not made a party. As the pleading seeks to recover a judgment for money owing by the county by suing the county treasurer, the complaint does not state a cause of action.

Judgment reversed, with instructions to sustain the demurrer to the complaint.