## Wea Township of Tippecanoe County *v.* Cloyd.

[No. 6,764. Filed May 24, 1910.]

1. ANIMALS.—*Dogs.—Killing Sheep.—Townships.—Complaint.*—A complaint for damages on account of sheep killed by dogs, need not aver that the defendant township has money with which to pay such damages, such claims being payable in order of presentation as the money becomes available. p. 51.
2. ANIMALS.—*Dogs.— Sheep.— Ownership.— Admissions.*— An answer by a township, in an action against it to recover damages for sheep killed by dogs, that certain sheep of plaintiff's were killed by dogs, as alleged in the complaint, and that defendant tendered to plaintiff $120 for his damages, and brought such tender into court for plaintiff's benefit, sufficiently admits that the plaintiff was the owner of the sheep. p. 52.
3. APPEAL.—*Harmless Error.—Evidence.—Admissions.*—Failure to prove a fact is not harmful, where defendant expressly admitted such fact. p. 52.
4. ANIMALS.— *Dogs.— Sheep.— Allegations.— Instructions.*—An instruction that the only question in a case of damages for sheep killed by dogs was that of damages, and that the burden was upon the plaintiff to prove the amount of damage sustained, is not prejudicial, where it was agreed that the plaintiff had filed his claim for damages and that defendant had tendered the

amount it thought to be correct, and where all of the formal averments of the complaint were testified to by the plaintiff's witnesses, and stood wholly uncontradicted. p. 52.

5. APPEAL.—*Record.—Contradiction.—Instructions.— Modifications.* —An assignment that the court erred in modifying a certain instruction is not available, where the record in one place shows that it was modified, and in another, that it was given as requested. p. 53.

6. ANIMALS.— *Sheep.— Pedigree.— Damages.— Evidence.*— In an action for damages for sheep killed by dogs, evidence that such sheep were pedigreed and useful for breeding purposes is admissible, the damages recoverable being their highest market price for any purpose. p. 53.

7. ANIMALS.— *Sheep.— Killing of, by Dogs.— Damages.— How Shown.*—To recover damages for sheep killed by dogs, individual damages, and not damages to the flock as a whole, must be shown. p. 54.

8. ANIMALS.— *Sheep.— Damages.— Evidence.*— Where there was uncontradicted evidence that the loss sustained by the killing and maiming of certain sheep was in excess of the verdict, the fact that damage sustained by the worrying and overheating of others was not specifically shown, is not reversible error. p. 54.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Ritchey Cloyd against Wea Township of Tippecanoe County. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles E. Thompson,* for appellant.
*Edgar D. Randolph,* for appellee.

HADLEY, J.—Appellee instituted this action in the Superior Court of Tippecanoe County against appellant to recover damages for sheep killed and maimed by dogs.

The complaint consisted of one paragraph charging, in substance, that appellee was a resident of Wea township, and owned in that township a certain number of sheep which were killed by dogs, averring the assessment of damages as required by the statute, and setting forth the amount of damages sustained by appellee. Appellant answered the complaint by filing a general denial and by an affirmative para-

graph admitting that appellee's sheep were injured in said township, as averred in the complaint, and setting up a tender of an amount which, in the opinion of the trustee, equaled the damages sustained to the property of appellee. The tender was kept good by the payment of the money into court. The cause was tried and judgment rendered in favor of appellee for $365. Appellant filed a motion for a new trial, which was overruled. The error relied upon for reversal is the ruling of the court upon the motion for a new trial.

The first instruction of the court was as follows: "Under the admissions in this case, the only question for you to consider is the amount of the damages plaintiff is entitled to recover. You will remember the averments of the complaint upon the question of damages, and before he can recover he must prove by a preponderance of the evidence that he was damaged as alleged, and the extent thereof." Appellant insists that this instruction was erroneous for the reason that there was no admission in the record that there was on hand and in possession of appellant sufficient money

1. to pay said damages. While the complaint averred that the trustee had funds on hand sufficient to pay said damages, this averment was surplusage, and need not have been proved.

The dog tax provided for by statute is for the purpose of paying damages for stock maimed or killed by dogs. The claims must be paid in the order of their presentation. If there are not sufficient funds on hand at that time to pay them, they should be paid with the money when received. It was not intended by the statute that the claims for one year should be settled by the taxes for that year, unless the taxes of that year or the funds on hand were sufficient fully to pay such claims. The claim is against the township, but can only be paid out of the special fund, and a judgment for such damages may be recovered, although at the time of the judgment there are no funds on hand out of which it may be

paid. When so recovered, it must stand as a claim against the township, to be paid in its order out of the dog-tax fund, as such fund is paid in. *Shelby Tp.* v. *Randles* (1877), 57 Ind. 390. Appellant insists that it was erroneous for the further reason that it was not admitted that appellee was the owner of the flock of sheep in Wea township, Tippe-

2. canoe county, Indiana. Appellant, by its second para- graph, admitted "that certain sheep of plaintiff's were killed by dogs, as averred in his complaint."

Appellant also admitted that it tendered to appellee $120 for his said damages, and brought the tender into court for the benefit of appellee. The tender was a statutory one, as provided under §3269 Burns 1908, Acts 1897 p. 178, §12, and, under the circumstances, was an admission of the town- ship's liability to appellee for damages to some amount. *Abel* v. *Opel* (1865), 24 Ind. 250; 28 Am. and Eng. Ency. Law (2d ed.) 15; *Bacon* v. *Inhabitants of Charlton* (1851), 7 Cush. (Mass.) 581. Appellant insists that it was not ad- mitted that the dogs which damaged the sheep were

3. not owned nor harbored by appellee. This fact was expressly admitted in the trial. Appellant further in- sists that it was not admitted that the number of sheep killed, as averred, is correct, or the number averred to have

4. been injured, correct, or that the sheep were of the number and value as alleged in the complaint. These were matters relating solely to the question of the amount of damages, and the court expressly charged the jury, in the instruction in question, that appellee had the burden of proving these facts, and that that was the question they had to determine. Furthermore, an examination of the record shows that it was specifically agreed that the claim for the damages of appellee for injury to sheep, belonging to him, in Wea township, was properly filed with the trustee of said township, in accordance with the statute, and that there- after said trustee made a tender to appellee of the amount he

thought equaled the claim; that all of the formal averments of the complaint were testified to by witnesses, and were unquestioned by appellant; that the sole controversy at the trial was upon the amount of damages recoverable and in no place in the record was the liability for damages questioned. The giving of the instruction did not injuriously affect the substantial rights of appellant, even if it was not technically correct and is therefore not available on appeal.

Appellant argues that the court erred in modifying instruction five, as asked, and giving it as modified. The record does not disclose any modification of instruction

5. five. Instruction five, requested by appellant, is set out as asked, and the record shows no refusal to give it, but does show that it was given in the form as asked. There is a recital at the end of the instructions, that the court modified said instruction by inserting certain words; but this recital is a plain contradiction of the other portions of the record, and therefore does not affirmatively show any error. It is not proper to modify an instruction asked by a party, and give it as a modification. Such instruction can only be given as one given by the court on its own motion. But the record here shows no reversible error in this respect. §561 Burns 1908, Acts 1907 p. 652.

There is no error shown in the record in the giving of instruction five.

Objection is made to the introduction of certain testimony as to the kind and character of the sheep killed. By this testimony it was shown that the sheep were blooded,

6. pedigreed Shropshire sheep; that some of the sheep killed had been prize winners at fairs and exhibitions, and that there was an open market for this class of sheep; that sheep of the breed and pedigree of the ones killed and injured had an actual market price for breeding purposes that was in excess of the price of ordinary sheep for food purposes. The statute provides that the stock must be valued at the actual cash value for which it would have sold if

placed on the market at the time such damage was sustained. §3269 Burns 1908, Acts 1897 p. 178, §12.

This provision of the statute means the highest actual cash price which said sheep would bring in the market for any and all uses to which the sheep in question were, on the day and date of their injury, adapted, and for which they were available. It was shown without contradiction that these sheep were adapted to and were available for breeding purposes. This being true, it was proper to show their kind and character in order to determine what their actual cash value was for that purpose on the market. If the actual cash value on the market of the sheep in question for breeding purposes was greater than for food purposes, the former was the proper highest value, and was the value to be determined under the statute. There was no error in the admission of this testimony.

It was also urged that individual damage to the sheep was not shown, but damage to the flock was shown. It is 7. the law that individual damage must be shown before compensation can be recovered. §3268 Burns 1908, Acts 1897 p. 178, §11.

There was testimony to the effect that all of the ewes and lambs in the flock were damaged, generally by being maimed, chased and over-heated by the dogs; yet it 8. was shown that each individual lamb was damaged in one of the ways mentioned. Appellant has not pointed out to us, and we have been unable to discover, any testimony that the flock as a flock was damaged. The testimony was that a certain number were killed, a certain number maimed or crippled, and a certain number injured by being over-heated, and that the individuals of the flock were of certain specified value. This meets the requirements of the statute. The evidence introduced that some of the sheep were maimed or crippled, and others injured from over-heating, on account of being chased by the dogs, was competent to show the character of the injuries, and, if properly fol-

lowed up with evidence, might form a basis for estimating the damages in each particular case; but this evidence was not followed up with any testimony as to the amount of the damage in each particular case, and appellant insists that for this reason the evidence is insufficient to sustain the verdict. The evidence that an injury was caused is not sufficient to warrant the jury in fixing the amount of damages for such injury, unless some basis is fixed to support the conclusion of the jury. To say that a lamb before the injury was worth $30; that after the injury it became emaciated, did not thrive and the wool became lifeless, without fixing its value in its injured state, or showing it was of no value, or in some way estimating or giving facts from which the jury might estimate the damage, will not support a finding for damages. But we cannot reverse this case on account of this testimony, since the evidence clearly shows that there were five ewes and thirteen lambs killed, being therefore a total loss. The evidence also shows that there were ten lambs maimed and injured by over-heating. The uncontradicted evidence is, that at the time of the injury the actual cash value in the market of each of the ewes and lambs, for breeding purposes, was from $20 to $30. Taking the value at $20, the lowest amount fixed, the eighteen animals killed were of the value of $360; and there was specific evidence that the ten lambs that were over-heated were damaged $3 a head, which would be $30 for the specific damage to the lambs. This makes a total damage of $390. In addition to this, there was evidence that four of the ewes were still living, but were so badly crippled that they were valueless. The judgment was for $365. It is therefore apparent that the jury did not take into consideration any damage on account of the crippled lambs, or the ewes and lambs that were over-heated, except the ten that were specifically mentioned.

In this state of the record, it appears that the jury was not in any way influenced in fixing the amount of damages by the testimony of injury to the ewes and lambs, in relation

to which no specific amount of damage was adduced in evidence. In fact, it clearly appears that the jury would have been warranted in awarding a much larger sum than was awarded, under the testimony in the case, for the dead ewes and lambs alone, since, as we have seen, the value of the ewes and lambs varied from $20 to $30 a head. We find no available error in the record.

Judgment affirmed.