[No. 4524.]

## J. O. GOODWIN *v.* J. R. NICKERSON.

PROMISSORY NOTE.—When, at the time of the execution of a promissory note, a contract in writing is made between the payor and payee upon a separate piece of paper which describes the note and clearly refers to it, the note is to be read in connection with the contract as though it had been incorporated into it, and, in an action on the note brought by the payee, the payor may introduce evidence that the payee has broken the stipulations of the contract.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

Action upon a promissory note of which the following is a copy:

$12,000.          SAN FRANCISCO, CAL., April 17, 1873.

One year after date, for value received, I promise to pay to the order of J. O. Goodwin, twelve thousand dollars, with interest on the same at the rate of one and one-fourth ($1\frac{1}{4}$) per cent. per month from date until paid; principal and interest payable in gold coin.

                 J. R. NICKERSON.

The defendant in his answer set up that he was the owner of a quartz mine on Wolf Creek, in the county of Nevada, and agreed to sell the plaintiff an undivided one-half of the north three thousand six hundred feet of the mine for the sum of seventeen thousand dollars, gold coin, of which sum fifteen thousand dollars was to be paid down, and that the plaintiff paid him the sum of twelve thousand dollars down, and it was agreed that the plaintiff was to receive back the twelve thousand dollars out of the proceeds of the mine, and the note was given for the same, and at the same time the following contract was made between the parties:

"ARTICLE OF AGREEMENT, made and entered into at San Francisco, California, this 17th day of April, A.D. 1873, by and between J. R. Nickerson, of Placer County and State of California, party of the first part, and J. O. Goodwin, of Marysville, county of Yuba and State aforesaid, party of

the second part, witnesseth: the said party of the first part, for and in consideration of the sum of three thousand dollars ($3000), the receipt of which from the party of the second part is hereby acknowledged, and in further consideration of the covenants hereinafter contained, on the part of the party of the second part, hereby agrees and binds himself, his heirs and executors, administrators and assigns, on demand of the said party of the second part, his heirs, executors, administrators, and assigns, to make to the said party of the second part a good and sufficient deed of an undivided one-half ($\frac{1}{2}$) of the north three thousand six hundred (3600) feet of that certain vein, ledge, or lode of gold-bearing quartz, lying and being situate in Nevada County and State of California aforesaid, which said ledge is about midway between the towns of Auburn and Grass Valley, and which is known and described as the Cedar Mine, together with a like undivided one-half interest in the water right of Wolf Creek, adjacent to said mine. In consideration of which the said party of the second part agrees and binds himself to expend the full sum of five thousand dollars ($5000), in opening and developing the said mine, the work to commence within fifteen days from this date, and to be prosecuted thereafter with reasonable diligence. It is further agreed and understood between the parties to this instrument that from the proceeds of the said Cedar Mine the first twelve thousand dollars ($12,000) received shall be paid to the holder of a certain promissory note for twelve thousand dollars ($12,000), made by the party of the first part, and payable to the order of the party of the second part, which note bears even date with this agreement, and is payable in one year from this date, drawing one and one-fourth ($1\frac{1}{4}$) per cent. per month interest from said first proceeds said note and interest shall be paid. It is further agreed that from the next proceeds of the said Cedar Mine the sum of forty thousand dollars ($40,000) shall be paid to the said party of the first part, and thereafter the said Cedar Mine and all proceeds therefrom shall be divided equally between the parties to this instrument. In consideration

of which the parties hereto have set their hands and seals the day and date first above written.

J. R. NICKERSON.   [SEAL.]<br>
J. O. GOODWIN.    [SEAL.] "

The defendant further set up in his answer that the plaintiff did not expend the sum of five thousand dollars in developing the mine, and that no money had come out of the mine, and that the plaintiff had abandoned the same.

On the trial the "defendant offered in evidence the contract set out in the answer, and proved that it was executed at the same time with the promissory note for twelve thousand dollars described in the complaint, and was the same twelve thousand dollar note mentioned in said complaint.

The defendant then offered to prove that the note was given by him by mistake, and under the impression that by the terms of the contract it was only to be paid out of the proceeds of the mine.

The plaintiff objected upon the ground that it was incompetent and irrelevant, and immaterial. The court sustained the objection, and the defendant excepted.

The court held that the intention of the parties must be ascertained from the writing itself, and that by the terms of the contract the payment of the note was not dependent upon the amount thereof being taken from the mine; that the stipulation in the contract to the effect that the defendant should have the first avails of the mine to the extent of twelve thousand dollars, with which to pay said note, was only a privilege granted to the defendant to appropriate such first proceeds to the payment of his said obligation.

The defendant then offered to prove that the plaintiff had not expended in opening said mine a greater sum than five hundred dollars, and that by default of the plaintiff the said mine was not developed nor opened, and no proceeds had been taken therefrom.

The plaintiff objected, upon the ground that such testimony was incompetent, irrelevant, and immaterial. The court sustained the objection, and the defendant excepted."

The plaintiff had judgment and the defendant appealed.

*Jo Hamilton, C. A. Tuttle and A. B. Dibble,* for the Appellant, argued that Goodwin could not recover without showing performance of the contract on his part, as the covenants were mutual; and cited Chitty on Contracts, Secs. 332 to 335.

*Belcher & Belcher,* for the Respondent.

By the COURT:

The twelve thousand dollar note sued on is clearly the note described and referred to in the contract between the parties, and the note is, therefore, to be read in connection with the contract, as though the note had been incorporated in the contract. In this view and upon any construction of the contract it was error in the court below to exclude the proof offered by the defendant that the plaintiff had broken one of the stipulations of the contract, in not having expended on the mine a sum greater than five hundred dollars.

Judgment and order denying a new trial reversed and cause remanded.