## SIGLER v. GONDON.

1. **Pleading**: ACTION ON LEASE FOR INSTALLMENTS OF RENT: SUPPLEMENTAL PETITION FOR SUBSEQUENT INSTALLMENTS. Where an action was brought on a lease, and judgment and a landlord's lien were asked for an installment of rent due and one to become due, *held* that, after the last installment had become due, plaintiff was entitled to file a supplemental petition setting up that fact and asking judgment for the same. (Code, § 2731.)

*Appeal from Polk Circuit Court.*

SATURDAY, MARCH 20.

ACTION commenced on the twenty-third day of September, 1884, to recover rent reserved in a lease of real estate. In January, 1885, the plaintiff filed a supplemental petition, stating in substance that, since filing the petition, another month's rent had become due, and judgment was asked therefor. On motion of the defendant, the supplemental petition was stricken from the files, and the plaintiff appeals.

*Nathaniel T. Guernsey,* for appellant.

No appearance for appellee.

SEEVERS, J.—The amount in controversy being less than $100, we are required to answer a question propounded by the circuit court in these words: "Where a lease has been made which provides for the payment of rent in six monthly installments payable on the first day of each month, from May, 1884, to October, 1884, inclusive, and the lessee fails to pay the installment becoming due on the first day of September, 1884, and thereupon, and during the said month of September, suit is commenced upon the said lease for rent, and asks a landlord's attachment for rent due September 1st, and that to be due October 1st, and the petition sets out the execu-

tion of the lease and its terms, possession thereunder by the
lessee, and his failure to pay the September rent hereinbefore
referred to, and asks judgment for the amount of the one
next to become due, to-wit, the October installment, which
latter was the last one to become due under said lease, and a
landlord's attachment is issued for rent due, as well as that
to become due, and subsequently, and after the first day of
October, 1884, the plaintiff, by way of supplemental petition,
in accordance with section 2731 of the Code, sets up the
fact that since the filing of the former pleading this last
installment of rent has become due, and that no part thereof
has ever been paid, and then prays judgment therefor,— is it
error on the part of the court to strike the supplemental
petition from the files?"

It will be observed that the action was brought on the
lease, and judgment asked in the petition for the rent due
and to become due.   A landlord's attachment was obtained
for the rent not due.   It is apparent that the defendant was
advised by the petition that the plaintiff claimed that he was
entitled to recover for rent not due, and of the grounds upon
which a recovery was sought.   It will be conceded that no
such recovery could be had for the rent not yet due under the
terms of the lease.   Before the action was tried, all the rent
under the lease had become due, and this fact was stated in
the supplemental petition, and appropriate relief was asked.
When the supplemental petition was filed, the plaintiff was
entitled to maintain an action for and recover the rent not
due when the petition was filed.   Under the circumstances
above stated did the court err in striking the supplemental
petition from the files?

It is provided by statute: " Either party may be allowed,
on motion, to make a supplemental petition, answer or
reply, alleging facts material to the case which have hap-
pened, or have come to his knowledge, since the filing of the
former pleading; nor shall such new pleadings be considered
a waiver of former pleadings."   Code, § 2731.   When the

action was commenced, the plaintiff was not entitled to the full measure of the relief asked, and to obtain which was the object of the action. The plaintiff was entitled to the rent due and not due under the same lease, and the action was brought thereon. Subsequent to filing the petition, the right of the plaintiff to recover for all the rent reserved in the lease became perfect. By the lapse of time the measure of the relief to which he was entitled was enlarged, and we think the facts entitling him to such enlarged relief may be stated in a supplemental petition. While the facts are different, this case, we think, is identical in principle with *Seevers v. Hamilton*, 11 Iowa, 66, and *City of Davenport v. Mitchell*, 15 Id., 194.

The question asked must be answered in the affirmative, and the judgment of the circuit court

REVERSED.