HORACE LEACH, *et al.*, v. THE GERMANIA BUILDING ASSO-
     CIATION OF CLINTON, IOWA, Appellant.

**Mandate and Proceedings Below:** SUPPLEMENTAL PETITION: *Parti-
tion.* Where a decree in partition, fixing the respective interests
of the parties, and, as incidental relief, allowing plaintiffs for
rents and profits up to the time of the trial, was modified on
appeal, as to said interests, and remanded for proceedings in
accordance with the opinion, a supplemental petition filed in the
lower court, alleging defendant's continued possession of the
property after the trial, and requiring him to account for rents
and profits accruing since that time, did not set up a new cause of
action, and the relief so demanded was properly given on final
decree.

*Appeal from Clinton District Court.*—HON. C. M. WAT-
     ERMAN, Judge.

WEDNESDAY, MAY 12, 1897.

IN an action for partition of certain lots in the
city of Clinton, the district court decreed that the plain-
tiffs were the owners of an undivided two-thirds
thereof, and the defendant of the remaining one-third,
and, in the adjustment of the equities, allowed for
rents and profits up to the time of the trial, Septem-
ber 19, 1892. The supreme court, on appeal, so mod-
ified this decree as to declare plaintiffs entitled to an
undivided four-ninths interest in the lots, and the
defendant to the remaining five-ninths thereof.
When *procedendo* was filed, and the case re-docketed
in the district court, but before decree was entered in
accordance with the mandate of the supreme court,
the plaintiffs filed a supplemental petition, alleging
that the defendant had occupied the lots in contro-
versy since September 19, 1892, and asking that it be
required to account for the rents and profits since that

time. The defendant moved to strike this from the record, on the ground that it set up a new cause of action, and could not be heard in the case, after the proceedings referred to. The motion was overruled, and the defendant, the Germania Building Association, appeals.—*Affirmed.*

*Walliker Bros.* for appellant.

*Calvin H. George* for appellees.

LADD, J.—The fact that the case was appealed to the supreme court, and remanded for further proceedings, does not, alone, require the denial of additional relief. *Jones v. Clark,* 31 Iowa, 497; *Fisher v. Holden* (Mich.) 47 N. W. Rep. 1063. In such case, however, greater care should be exercised in granting it. Parties will not be permitted to plead a new cause of action in a supplemental petition. *Bank v. Shoemaker* (Pa. Sup.) 2 Am. St. Rep. 649, (11 Atl. Rep. 304). And when facts are alleged occurring since the beginning of the action, and there are no new parties, it will be read with the original petition, and the two considered as one pleading. *Straughan v. Hallwood* (W. Va.) 8 Am. St. Rep. 229, (4 S. E. Rep. 394). The ordinary use of the supplemental petition is in alleging facts transpiring after the beginning of the action, or which were not known at that time, tending to strengthen or re-enforce the cause of action, or to enlarge the extent of, or change, the relief sought. *Sigler v. Gondon,* 68 Iowa, 441 (27 N. W. Rep. 372); *Hervey v. Savery,* 48 Iowa, 313; *City of Davenport v. Mitchell,* 15 Iowa, 194; *Seevers v. Hamilton,* 11 Iowa, 66; *Nave v. Adams* (Mo. Sup.) 17 S. W. Rep. 958; *Candler v. Pettit,* 19 Am. Dec. 399. Whether a supplemental petition may be filed is largely within the discretion of the court. *State v. Williams,* 90 Iowa.

513 (58 N. W. Rep. 904). The relief sought in this case comes clearly within these established rules. After the entry of the decree in the district court, September 19, 1892, the defendant continued in the possession of the property, and enjoyed its use until the *procedendo* was issued, and the case re-docketed for "proceedings to be had in said court, not inconsistent with the opinion of the supreme court," as found in 64 N. W. Rep. 790. The main contention in the case was with reference to the respective interests of the parties in the lots in controversy, and the adjustment of the other equities was only incidental to this issue. The defendants have been in continual occupancy during the litigation,—for three years and three months,—and it is only just that the rents and profits accruing during this long period, should be taken into consideration in entering the final decree. These were not involved in the original action, and the remark in the opinion relied on, is no more than a statement to that effect. The plaintiffs are entitled to additional relief, and no good reason appears for sending them out of court, to immediately return for the purpose of litigating this very matter. The ruling was right.—AFFIRMED.