CENTRAL CITY SAVINGS BANK, Appellee, v. D. C. SNYDER et al., Appellees; H. L. HILSBOROUGH, Appellant.

PLEADING: Petition—Amendment—Subsequent Matters. A petition to recover the principal on one note and interest on two unmatured notes may, after all the notes have matured, be amended so as to recover the principal and interest on the three notes.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

MAY 21, 1919.

APPEAL from the action of the court in refusing to strike an amendment to the petition. Opinion states the facts. Defendant appeals.—*Affirmed.*

*F. L. Anderson* and *E. A. Johnson,* for appellant.

*Voris & Haas,* for appellee.

GAYNOR, J.—At the time this action was commenced, plaintiff was the owner of three notes, of $1,600 each, bear-

ing 6 per cent interest, payable annually, and made to the
order of the plaintiff, and executed by the defendant D. C.
Snyder, as maker, and endorsed by the other defendants.
All these notes were dated October 1, 1914. The first note
matured October 1, 1915; the second note, October 1, 1916;
and the third note October 1, 1917. The action was com-
menced on the 21st day of October, 1915.

In the first count, plaintiff asks judgment for the full
amount of the first note, which had matured, with interest
at 6 per cent. In the second count, he asks judgment for
$96, being one year's interest due upon the second note.
In the third count, he asks for $96, being the interest then
due upon the third note. None of the defendants appeared
except the defendant Hilsborough. His appearance was
general. He filed a motion for a more specific statement,
asking that the petition be made more specific; that the
plaintiff be required to state whether the demand, protest,
and notice of dishonor referred to in each count, were oral
or in writing. This motion was filed on the 2d day of No-
vember, 1915. Nothing further seems to have been done
until November 21, 1917. At this time, the last two notes
had matured. Plaintiff thereupon filed an amendment to
his petition, in response to the motion for a more specific
statement, alleging that, on the 4th day of October, 1915,
demand for the payment of the first note was made per-
sonally on defendant Snyder, and notice of that fact and
of its dishonor and protest was given to each of the other
defendants in writing. As to the note described in Count
2, after its maturity he demanded payment of defendant
Snyder, protested the same, and gave due notice of its dis-
honor to each of the endorsers. Plaintiff made the same
allegation as to Count 3. Plaintiff further amended his
petition by alleging that, since the commencement of the
action, the notes described in Counts 2 and 3 have ma-
tured, on October 1st, and on the next day he presented

the same personally to the maker, D. C. Snyder, for payment, and payment was refused; and on the same day, written notice of said demand and dishonor was mailed to each of the defendants (endorsers). Copies of the demand, protest, and notices sent are attached to the amendment to the petition. He makes the same allegations as to the note described in Count 3, except that it matured October 1, 1917. Plaintiff further alleged that defendants have failed and neglected to pay said notes, and there is now due upon the notes described in Counts 2 and 3 the principal sum called for by said notes, and interest thereon, as provided in the notes. He prays for judgment upon the allegations of the second count, as amended, for the full amount of said note, with interest as therein provided, and on the third count, as amended, for the full amount of said note and interest, and makes a general prayer for judgment upon all the counts of the petition, for the full amount of said notes, with interest.

Thereupon, the defendant Hilsborough, who had theretofore appeared, and filed a motion for a more specific statement, purporting to appear specially for the purpose of a further motion, moved the court to strike the amendment from the petition, in so far as the amendment attempted to base a cause of action upon the original notes, alleging that the notes sued on in Counts 1 and 2 were not matured at the time the suit was begun, but matured long after defendant filed his motion for a more specific statement; and that the amendments do not contain any allegations material to the original cause of action, as made when brought, and are an attempt to interject into the case new, separate, and independent claims and cause of action, wholly separate and distinct from the cause of action set out in the original petition; and that the allegations made in the amendment to Counts 2 and 3 are not germane to the cause set out in the original petition; that the original

petition only asks for interest upon the notes described in said count, and the amendment asks for judgment upon the notes themselves. This motion was overruled, and the defendant Hilsborough appeals.

The only question for our consideration is: Should this motion have been sustained?

This involves a consideration of the law governing the right of amendment. Did this amendment to these two counts state a new and original cause of action, independent and not germane to the original cause of action sued on? The action was on the notes in each of the counts. The first note was due. The prayer was for judgment for the full amount of the note and interest. The second note was not due, but one year's interest on it was due. The prayer was for judgment for the amount of the interest then due. The same was true of the note described in the third count. Before these amendments were filed, both the notes described in the second and third counts had matured. A cause of action had matured upon these notes, entitling the plaintiff to recover both the principal and the interest. It must be borne in mind that the cause of action was on the notes. Time alone was necessary to fix the full indebtedness evidenced by the notes. The full indebtedness had become fixed. The cause of action was based on the *promise* found in the notes. The cause of action was originally brought on the notes. The promise in the notes was the basis of the cause of action. A right of action for the total sum covered by the promise in the notes had not matured at the time the action was brought. The full amount covered by the promise in the notes was matured at the time this amendment was filed. The action was still upon the notes. It was the promise in the notes upon which the relief prayed for in the amendment was founded. No new promise was alleged or made. The cause of action was not changed. The amendment involved

a right to maintain the action on the cause of action as originally stated, and was simply for more money than was due on the cause of action at the time the action was commenced, and was not for different relief, but for more relief. The case is no different than it would be if an action were commenced on a written lease covering a number of months, in which it was provided that the rent should be paid monthly, and an action was brought on the lease to recover the first month's rent, and a second month's rent matured before the action was called for trial, and a supplemental petition was filed, asking judgment for the second month's rent, which had matured since the commencement of the action. Each note in this case constituted a separate cause of action. Each count presented a separate cause of action. The cause of action on the second and third notes had not matured at the time the suit was commenced. The cause of action in each count had matured, however, when the amendment was filed. The cause had not been reached for trial when this amendment was filed. Why send the plaintiff out of court to litigate that which could be litigated in the original action—that which was a part of the original action? The cause of action and the right of action were the same, and based upon the same instrument, —the action first begun, and the action as amended. See *Sigler v. Gondon*, 68 Iowa 441; *Leach v. Germania Building Assn.*, 102 Iowa 125; *City of Davenport v. Mitchell*, 15 Iowa 194.

The amendment did not set out a new cause of action. The amendment was germane to the original cause of action. It simply asks more relief on the original cause of action than could be granted at the time the suit was commenced. Nothing but time was wanting to mature the whole indebtedness. It was matured when this amendment was filed. We think the court was right in overruling de-

fendant's motion to strike the amendment, and the cause is—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.