PICKERILL ET AL. v. HOME REALTY COMPANY.

[No. 11,197. Filed October 25, 1922. Rehearing denied January 31, 1923. Transfer denied March 28, 1923.]

1.  APPEAL.—*Questions Reviewable.—Sufficiency of Complaint.— Failure to Demur.—Statutes.*—Under §348 Burns 1914, Acts 1911 p. 415, an assignment of error that the complaint does not state facts sufficient to constitute a cause of action presents no question for review, where no demurrer to the complaint was filed. p. 450.

2.  PLEADING.— *Answer.— Admissions.— Conclusiveness.*— In an action to recover rent for a period after the expiration of a

lease, an answer that one defendant was in possession of the premises for the period in question and paid a certain rental per month during such period was sufficient to show the use and occupancy of the realty by defendants. p. 451.

3. LANDLORD AND TENANT.— *Action for Rent.— Verdict.— Evidence.—Sufficiency.*—In an action to recover rent for a period after the expiration of a lease, evidence *held* to warrant the jury's finding that defendants used and occupied the premises during the period in controversy with the consent of plaintiff, under an implied promise to pay therefor. p. 451.

4. LANDLORD AND TENANT.—*Action for Rent.—Rental Value.— Evidence.—Sufficiency.*—In an action for rent for a period after the expiration of a lease, the admission that defendants paid a certain monthly rental during part of the period in controversy was sufficient evidence of rental value to sustain a verdict for plaintiff based on that rate. p. 452.

5. LANDLORD AND TENANT.—*Tenancy from Year to Year.—Creation.—Termination.—Abandonment of Premises.*—Where defendants continued to occupy and use the premises in question with the consent of plaintiff landlord after the expiration of the original lease, they thereby created a general tenancy, or tenancy from year to year, and they could not, by abandonment of all or any part of the premises without notice to plaintiff, terminate the tenancy and relieve themselves of further liability for rent. p. 452.

6. JUDGMENT.—*Action to Recover under Lease.—Matters Concluded by Judgment.*—A judgment terminating a lease is not *res adjudicata* of an action between the same parties to recover rent for the use and occupancy of the premises under a tenancy from year to year after the expiration of the lease. p. 452.

7. WITNESSES.— *Cross-Examination.— Crimes.*—A witness may, within the bounds of propriety to be controlled by the court, be required to answer as to statements made or crimes committed by him which indicate a debased and depraved condition of mind, such evidence being pertinent to the question of credibility. p. 453.

8. LANDLORD AND TENANT.— *Action for Rent.— Filing Supplemental Complaint.—Statutes.*—In a landlord's action to recover rent for a period after the expiration of a lease, the action of the court in permitting the filing of a supplemental complaint, asking for the recovery of rent falling due after the commencement of the action and up to the date of the trial, was not erroneous, in view of §408 Burns 1914, §399 R. S. 1881, providing for the filing of supplemental pleadings. p. 453.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by the Home Realty Company against Van Pickerill and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*W. D. Hardy,* for appellants.
*Daniel H. Ortmeyer,* for appellee.

NICHOLS, P. J.—Action by appellee against appellants to recover rent alleged to be due for the use and occupancy of real estate owned by appellee.

It is averred in the complaint, in substance: that appellee was the owner of certain real estate situate in Vanderburgh county, Indiana; and that on February 5, 1914, it entered into a written contract with appellants by which it leased to appellants said real estate for the term of ten years from January 1, 1914, at the rental of $75 per month during the first five years of said term and at the rental of $80 per month during the succeeding five years of said term, the said rental to be due and payable at the end of each and every month during said term. Appellants entered into the possession of said real estate on January 1, 1914, and continued in such possession until April 2, 1918; and that appellants paid all rental required to be by them paid in pursuance to said written contract up to April 2, 1918. That after April 2, 1918, with the consent of appellee and without an express agreement, either oral or written, appellants continued in possession of said real estate until the date of the commencement of this action and now hold such possession as tenants of the appellees by virtue of and in pursuance to said holding over by appellants after April 2, 1918.

After April 2, 1918, appellants paid rental to appellee

for said real estate in the sum of $75 per month for each month thereafter until January 31, 1919, and including the rental for the month of January, 1919.

The rental value of said real estate from and after April 2, 1918, continuously until the date of the commencement of this action was and now is $75 per month. Appellants have failed and refused to pay any rental for said real estate since February 1, 1919; and that there is now due appellee from appellants, as and for the rental of said real estate, $75 per month beginning with February 1, 1919, until the date of the commencement of this action. There was a supplemental complaint demanding payment of $75 per month to the date of the trial.

Appellants answered in three paragraphs, to wit: general denial; former adjudication; admitted occupancy of the premises from April 2, 1918, to April 1, 1919, by appellant Calvin D. Pickerill, but alleging that he occupied said premises for the unlawful purpose of selling intoxicating liquors, and that he there sold intoxicating liquors with the knowledge and consent of appellee.

There was a trial by jury, and a verdict for appellee for $1,800. After motion for a new trial was overruled, this appeal, appellants assigning as errors that

1. the complaint does not state facts sufficient to constitute a cause of action against them, and the court's action in overruling the motion for a new trial. As there was no demurrer to the complaint, the first assignment of error presents no question. §348 Burns 1914, Acts 1911 p. 415; *Graham* v. *Henderson Elevator Co.* (1916), 60 Ind. App. 697, 111 N. E. 332; *Cleveland, etc., R. Co.* v. *Markle* (1918), 187 Ind. 553, 119 N. E. 372.

Appellants contend that there is no evidence that they

used and occupied the real estate involved after April 2, 1918, being the day when the prohibitory law made the sale of intoxicating liquors unlawful.

2.

It is admitted by all parties that the original lease terminated by operation of law on that date. Appellants admit in their third paragraph of answer that appellant Calvin D. Pickerill was in possession of said real estate as tenant from April 2, 1918, to January 31, 1919, and that he paid the rental therefor at the rate of $75 per month during such period. That this admission is conclusive against appellants for the purpose of this action is well established. *Frazer, Exr.* v. *Boss* (1878), 66 Ind. 1; *Boyd* v. *Bloom* (1899), 152 Ind. 152, 52 N. E. 751; *Wea Township* v. *Cloyd* (1910), 46 Ind. App. 49, 91 N. E. 959; 31 Cyc 87.

Witness Schmidt, who was the agent of appellee to collect the rentals, testified that appellant Calvin D. Pickerill said to him when he sought to collect

3.

the rent, "You go and see Van personally, he is on this lease the same as I am," but when the witness saw Van, he said, "I will not pay it, I turned the lease over to Cal." As this controversy concerned the rentals of the premises after the expiration of the written lease, the jury evidently determined that appellant Van had something thereafter to turn over, in other words, that each of appellants exercised dominion over the property after the expiration of such written lease. The admission above, and this evidence, together with the other circumstances surrounding the transaction, fully justified the jury in its conclusion expressed by its general verdict, that appellants used and occupied the premises during the period in controversy with the consent of appellee under an implied promise to pay therefor, and such conclusion will not be disturbed.

The admitted fact that $75 per month was paid for

such use and occupation for the period from April 2, 1918, to January 31, 1919, was sufficient evidence of rental value to sustain the amount of a verdict based on that rate. *Hege* v. *Newsom* (1884), 96 Ind. 426; *Vaupel* v. *Lamply* (1914), 181 Ind. 8, 103 N. E. 796; 35 Cyc 465. Appellants having continued to occupy and use the premises with the consent of appellee after the expiration of the original lease, thereby created a general tenancy, or tenancy from year to year. They could not, by abandonment of all or any part of the premises without notice to appellee, terminate the tenancy and relieve themselves of further liability. *Wolke* v. *Fleming* (1885), 103 Ind. 105, 2 N. E. 325, 53 Am. Rep. 495; *Burbank* v. *Dyer* (1876), 54 Ind. 392; *Tolle* v. *Orth* (1881), 75 Ind. 298, 39 Am. Rep. 147; *Alleman* v. *Vink* (1902), 28 Ind. App. 142, 62 N. E. 461.

Appellants by their third paragraph of answer admit that the premises were being used for unlawful purposes with the consent of appellee, but these averments are denied by appellee. We do not comment upon the mercenary motive that may have prompted both the admission and the denial. The evidence was contradictory as to this issue, and the jury has determined it against appellants. So let it be.

Appellants in their second paragraph of answer, by way of *res adjudicata*, plead that in a former action in the same court, between the same parties, the same cause of action was tried and determined against appellee. But the former action, as appears by the record thereof put in evidence, sought a recovery under the terms of the written lease which was terminated by operation of law April 2, 1918. There could be no recovery for subsequent use and occupation under the lease. The present action is for the rental for the use and occupation of the premises under a general tenancy, and after the expiration of the lease

as determined in the former case. The former action was *res adjudicata* only as to such matters as were litigated under the issues formed by the pleading in that case. *Griffin* v. *Wallace* (1879), 66 Ind. 410; *Finley* v. *Cathcart* (1897), 149 Ind. 470, 48 N. E. 586, 49 N. E. 381, 63 Am. St. 292; *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524; *Unger* v. *McManus, Exr.* (1921), 75 Ind. App. 595, 130 N. E. 146.

Appellants contend that it was error for the court to require appellant Van Pickerill on cross-examination to testify to his previous statements under oath as to his participation in a conspiracy of corruption and law violation. But it is the law that a witness, within the bounds of propriety to be controlled by the trial court, may be required to answer as to statements made of crimes committed by him which indicate a debased and depraved condition of mind. The jury must judge of the credibility of the witness and for that purpose it is not improper that it should know of his statements and acts which are indicative of his character in determining as to whether he is testifying truthfully. *Besette* v. *State* (1885), 101 Ind. 85; *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105; *Ellis* v. *State* (1898), 152 Ind. 326, 52 N. E. 82; *Dotterer* v. *State* (1909), 172 Ind. 357, 88 N. E. 689, 30 L. R. A. (N. S.) 846; *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E. 119; *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571, 118 N. E. 151.

Appellants contend that the assessment of the amount of recovery is too large for the reason that appellants were liable only until the time of the filing of the suit, or from February 2, 1919, to April 9, 1920, a period of fourteen months. But by leave of court appellee filed a supplemental complaint, asking for the recovery for the installments of rent falling due after the commencement of the action and up to the date

of the trial. Such action of the court was not erroneous. §408 Burns 1914, §399 R. S. 1881; *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 64 N. E. 680.

The verdict of the jury based on the time covered by the original complaint and the supplemental complaint was not excessive.

In the light of the foregoing established principles we have examined the instructions, and we find no reversible error in giving instructions or in refusing to give instructions tendered by appellants. Nothing can be gained by a discussion of them. Judgment affirmed.