Argued November 19; affirmed December 10, 1929; rehearing
denied January 28, 1930

THE MAY STORES, Inc., *v.* CARL BISHOP ET AL.

(282 Pac. 1080)

For appellant there was a brief and oral arguments by *Mr. Robert G. Smith* and *Mr. Roscoe P. Hurst.*

For respondent there was a brief and oral argument by *Mr. Samuel B. Weinstein.*

ROSSMAN, J.　　It will be observed from the foregoing statement of facts that the rent for which plaintiff seeks judgment was payable under a written lease which stipulated for a gross sum of $4,800, pay-

able in monthly instalments. From Clark on Code Pleading, p. 327, we quote: "On instalment contracts a like rule applies, namely that successive suits may be brought as each instalment falls due, but all instalments due at the time suit is brought must be claimed or are waived. The rule has been applied to various forms of such contract, including rent under a lease. * * *" To same effect see 1 R. C. L., Actions, § 31. § 108, O. L., authorizes the filing of a supplemental complaint "alleging facts material to the case, occurring after the former complaint." The purpose of the supplemental pleading is to bring into the record new facts, which will enlarge or change the kind of relief to which the plaintiff is entitled, and hence any supplemental facts which further develop the original right of action, or extend or vary the relief, are available by way of supplemental complaint, even though they of themselves constitute a right of action: 21 Enc. of Pl. and Pr. 18 and Phillips on Code Pleading, § 317. Whether a party should be permitted to file a supplemental pleading rests largely in the discretion of the trial court: Clark on Code Pleading, 523, 21 R. C. L., Pleading, § 68. The above being the purpose served by a supplemental pleading the circuit court was fully justified in making the order complained of. The following authorities, we believe, support our conclusion: *Jordan v. Indianapolis Water Co.*, 159 Ind. 337 (64 N. E. 68); *Pickerill v. Home Realty Co.*, 79 Ind. App. 47 (136 N. E. 850); *Sigler v. Gondon*, 68 Ia. 441 (27 N. W. 372); *Knapp v. Order of Pendo*, 36 Wash. 601 (79 P. 209). The textbooks state that such after-maturing instalments may be made a part of the cause of action by supplemental pleading: Bancroft's Code Pleading, § 459, 36 C. J., Landlord and Tenant, § 1345, p. 425; 24 Enc. of Procedure, p. 533; Phillips on Code Pleading, § 318. *Bull v. Rothschild,* 16

N. Y. Civ. Proc. 356, relied upon by the defendants, supports their position, but we believe that it is opposed to the spirit of code pleading and fails to recognize the purpose of a supplemental pleading; we decline to follow it.

■ The court did not err when it entered a judgment allowing 6 per cent interest upon each instalment from its maturity. § 7988, O. L., provides for the recovery of interest at the rate of 6 per cent per annum upon "all moneys after the same became due." The plaintiff established by uncontroverted evidence its claim and the lease fixed the dates upon which each instalment of rent became due and payable. The following taken from 27 R. C. L., Verdict, § 63, is well supported by the authorities, which have passed upon situations similar to that before us:

"* * * Even when no mention of interest is made in the verdict, but it is clearly apparent that the prevailing party is entitled to interest on the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of the allowance of interest until after verdict, and the dates from which and to which interest should be allowed are clearly ascertainable from the verdict or uncontroverted facts, and the rate is fixed, the court may make the computation and add the interest so found to the sum found in the verdict, and render judgment for the aggregate amount."

The verdict was a directed one; the complaint prayed for interest from specified dates; the matter of determining interest was a mere matter of computation; the plaintiff's right to it is clear. We conclude, therefore, that the court was fully justified in rendering the judgment which allowed it.

The judgment appealed from will be affirmed.

AFFIRMED. REHEARING DENIED.

COSHOW, C. J., MCBRIDE and RAND, JJ. concur.