[Civ. No. 869. Fourth Appellate District.—September 28, 1931.]

THE MUTUAL BUILDING AND LOAN ASSOCIATION OF LONG BEACH (a Corporation), Respondent, v. B. C. BEERS, Appellant.

Springer, Green & Morrison for Appellant.

Clock, McWhinney & Clock for Respondent.

MARKS, J.—Respondent brought this action to recover a deficiency of $5,198.41 upon a promissory note for $25,000, secured by a deed of trust upon real property in San Diego County, which deficiency remained after the security had been sold and the proceeds applied upon the note. It recovered judgment and appellant has prosecuted this appeal.

The record discloses that the note was in words and figures as follow:

"$25,000.00.          San Diego, California, Sept. 7th, 1928.

"In installments and at all times hereinafter stated, for value received I or we or either of us promise to pay to H. L. Powers, or order, at Oceanside, California, the principal sum of Twenty-five Thousand no/100 Dollars, with interest from date on the amounts of principal remaining from time to time unpaid, until said principal sum is paid, at the rate of eight per cent. per annum. Principal payable

in semi-annual installments of Twenty-five Hundred Dollars, or more each, commencing March 7th, 1929, and every six months thereafter until the full sum has been paid, together with interest as above specified, payable quarterly, commencing December 7th, 1928, and every three months thereafter. Each of said payments shall be credited as follows: First on the interest then due; and the remainder on the principal sum; and interest shall thereupon cease upon the amount so credited on the said principal sum. Should the interest not be so paid it shall become a part of the principal and thereafter bear like interest as the principal. Should default be made in the payment of any of said installments when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in gold coin of the United States of the present standard. This note is secured by a certain Deed of Trust to the Union Trust Company of San Diego, a corporation.

"LEONORA C. GAITHER.
"GEORGE W. GAITHER."

On the eighteenth day of September, 1928, H. L. Powers and Agnes F. Powers, his wife, sold, assigned and set over to appellant all of their right, title and interest in and to the note, the deed of trust securing the same and the property described therein. On the same day appellant sold the note to respondent and executed the following indorsement on the back thereof:

"San Diego, California, September 18, 1928.

"Pay to the order of The Mutual Building and Loan Association, Long Beach, California. Presentment, demand, notice of default, protest and notice of protest are hereby expressly waived, and payment of this note hereby guaranteed.

"(Sgd) B. C. BEERS."

The trial court found that on August 23, 1929, nothing had been paid on account of the interest due on June 7, 1929; that on said date respondent, the owner of the note and security, filed with the trustee named in the deed of trust a notice of default under the terms of the deed of trust on account of the unpaid interest; that the trustee did on the same day record with the recorder of San Diego County a notice of the breach of the obligation of the deed

of trust because of the nonpayment of the interest due on June 7, 1929, and of the election to sell the property; that due notice of the sale was given and that the property was sold on December 23, 1929, for $15,000; that the sum of $14,371.01, the net balance remaining after paying the expenses of sale, was credited on the note, leaving an unpaid balance of $5,198.41.

Under the head of conclusions of law in the findings, the following appears: "The Plaintiff, The Mutual Building & Loan Association of Long Beach, a corporation, was, on the 18th day of September, 1928, ever since has been, and now is, the owner and holder of said Promissory Note herein sued upon. That the defendants herein, were on the 7th day of June, 1929, ever since have been, and now are, in default of the payment of interest due June 7, 1929, required to be made under and by virtue of the terms of said Promissory Note, and that thereafter, on or about the 23rd day of August, 1929, the plaintiff, under and by virtue of the terms and provisions of said promissory note, elected to, and did, lawfully declare the whole of the unpaid principal and interest of said promissory note forthwith due and payable, and did duly cause to be recorded, as required by law, a notice of breach of obligation, and duly elected to sell the property secured by the trust deed. That after due and legal notice given, as provided by law, the said trustee, on the 23rd day of December, 1929, did sell the said property. That said property was duly and legally sold, and that the net proceeds at the sale, to-wit, Fourteen Thousand Three Hundred Seventy-One and 01/100 Dollars ($14,371.01) were duly credited on the aforesaid note. That there still remains due, owing and unpaid thereon, after deducting all just and proper credits, the sum of Five Thousand One Hundred Ninety-Eight and 41/100 Dollars ($5,198.41), together with interest thereon at the rate of Seven per cent (7%) per annum from and after the 26th day of December, 1929."

Appellant urges as the sole ground for a reversal of the judgment that the findings of fact do not support it; first, because of the terms of the note the time of maturity of the principal could not be accelerated by a default in the payment of an installment of interest, and, second, because there is no finding of fact that the respondent "elected to

or did declare the principal of the note due on account of the nonpayment of interest, if such option is given by the terms of the note''.

The case comes before us on the judgment-roll. ██ When a party fails to bring the evidence up on appeal it is mandatory upon us to presume that ample evidence was introduced in the court below to sustain the findings and judgment.

██ It is well settled law in California that where a promissory note is secured by a mortgage or deed of trust the two instruments form parts of one transaction and must be read and construed together. (*Mercantile etc. Co.* v. *San Joaquin etc. Co.*, 89 Cal. App. 558 [265 Pac. 583].) As was said in the case of *Trinity County Bank* v. *Haas*, 151 Cal. 553 [91 Pac. 385] : ''The note and mortgage, being parts of one transaction, are to be read together, and the plaintiffs may therefore rely on the provision contained in the mortgage, making the principal due for nonpayment of interest at the payee's option, although the note contains no such provision. (*Phelps* v. *Mayers*, 126 Cal. 549 [58 Pac. 1048] ; *Meyer* v. *Weber*, 133 Cal. 681 [65 Pac. 1110].) ''

██ As the evidence is not before us we are entitled to assume in support of the judgment that the deed of trust was before the court below and that it contained a provision in effect substantially as follows: Should a breach or default be made in the performance of an obligation for which this deed of trust is a security, or in the fulfilment of any covenant herein contained, including the payment of an installment of interest when due, then the holder or holders of any note or notes or indebtedness mentioned as security hereby may declare all sums secured hereby immediately due and payable and shall execute and deliver to said trustee a written declaration of default hereunder and demand for sale, and shall cause to be recorded in the office of the recorder of the county wherein said property or some part thereof is situated, a notice of such breach and of election to cause said property to be sold to satisfy said obligations. We must also assume that the declaration of default made by respondent to the trustee and the notice of the breach of the obligation of the deed of trust and note were in every particular sufficient to support the conclusion of an election to declare the total amount of the unpaid principal

immediately due and payable on account of a default in the payment of interest. (*E. E. McCalla Co.* v. *Sleeper,* 105 Cal. App. 562 [288 Pac. 146].) It follows that there is no merit in appellant's first ground for a reversal of the judgment.

Appellant's second ground for a reversal of the judgment is equally without merit. Those portions of the findings of fact denominated "conclusions of law" which we have quoted specifically find that respondent "elected to, and did, lawfully declare" the entire sum of the unpaid principal and interest immediately due and payable because of the default in the payment of interest. Because a finding of fact is mistakenly placed among the conclusions of law does not destroy its efficacy as a finding of fact. (*Burton* v. *Burton,* 79 Cal. 490 [21 Pac. 847]; *Millard* v. *Legion of Honor,* 81 Cal. 340 [22 Pac. 864]; *Brown* v. *Schroeder,* 88 Cal. App. 192 [263 Pac. 325].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.