[Civ. No. 9316.  Second Appellate District, Division Two.—March 22, 1935.]

STRICKLER COMPANY (a Corporation), Respondent, v. I. EISNER et al., Defendants; LONG BEACH HOLD-ING CORPORATION, Appellants.

Louis M. Lissner, I. H. Prinzmetal and Lester R. Slonecker for Appellant.

Earle M. Daniels and Julius V. Patrosso for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff in an action to recover installments of rent, also taxes and attorneys' fees, alleged to be due under the terms of a written lease. The appeal is presented upon the judgment roll alone, and the evidence is not before us. The contention of the appellant is that it affirmatively appears on the face of the findings that the obligations upon which the suit was brought were secured by a mortgage and that plaintiff is not entitled to obtain a money judgment against the appellant unless it forecloses said mortgage in accordance with section 726 of the Code of Civil Procedure. The claim that there is a mortgage is based upon the language of paragraph 12 of the lease, which paragraph, but not the entire lease, was set out in the complaint and which reads in part as follows: "That the whole amount of rent reserved hereunder and required to be paid by the lessees . . . shall be and are hereby declared to be first and prior liens to the interest of the lessees under this lease", etc. This falls far short of being a mortgage. In the first place the so-called lien is not placed against any specific property or against any property. A lien to be a mortgage must be upon specific property. (Sec. 2920, Civ. Code.) In the second place, while the word "lien" is used, it is apparent from the manner in which it is used that the

language undertakes to declare merely that the lessor's rights to the rents are prior to the interests of the lessees under the lease. As the trial judge well said in a memorandum opinion, "It appears to me that the intention of the parties as expressed in the language of the paragraphs in question, *considered in the light of the other paragraphs,* was to establish the order and priority of the right to receive the rents in relation to other liens or claims subsequently attaching, rather than to create a lien on defendant's lessee's leasehold as security for the rent."

■ This brings us to a further and complete answer to appellant's contention. The trial court considered this provision of the lease "in the light of the other paragraphs". And thereupon it found that there was no mortgage between the parties. As already stated, the evidence is not before us and the entire lease is not set out in the findings or complaint, therefore we are bound to presume that the lease as a whole, if before us, would support the findings.

■ Appellant's second contention is that the trial court erred "in permitting the respondent to file its supplemental complaint for causes of action which were alleged to have accrued against appellant subsequent to the filing of the original complaint". The court did permit the filing of a supplemental complaint which set up installments of rent which had accrued after the date of the filing of the original complaint, also taxes paid and attorneys' fees, all of which were proper charges under the terms of the lease. While our attention has not been called to a precedent in which the courts of this state have had occasion to consider this precise question, there is no lack of authority sustaining the court's action in analogous situations. (*Washburn* v. *Wilkinson,* 59 Cal. 538; *Valensin* v. *Valensin,* 73 Cal. 106 [14 Pac. 397].) "Where a contract sued on provides for payments in installments, a supplemental pleading may be filed to cover those installments accruing after suit filed." (Bancroft's Code Pleading, sec. 459, p. 662.) Such a rule has been adopted in other jurisdictions (*Sigler* v. *Gordan,* 68 Iowa, 441 [27 N. W. 372]; *Pickerill* v. *Home Realty Co.,* 79 Ind. App. 447 [136 N. E. 850]; *Jordan* v. *Indianapolis Water Co.,* 159 Ind. 337 [64 N. E. 680]; *May Stores, Inc.,*

v. *Bishop*, 131 Or. 670 [282 Pac. 1080]) and such a rule in this state would tend to save a multiplicity of actions.

■ Assuming, however, that each installment of rent as it became due constituted a new cause of action, nevertheless these successive actions arose out of the same contract. In each case the court had jurisdiction over the parties and the subject of the action. Such actions may be consolidated in the discretion of the court whenever it can be done without prejudice to a substantial right (sec. 1048, Code Civ. Proc.) and the consolidation of these successive actions in nowise prejudiced the rights of appellant. Finally, the appellant sets forth six different grounds upon which he contends his special demurrer should have been sustained. We have examined all of these and we find that the contentions are without merit.

Judgment affirmed.

Stephens, P. J., concurred.