[Civ. No. 15638.   Second Dist., Div. Two.   May 5, 1947.]

MARY HELENA LEDERER, Respondent, v. FRANCES MUIR, Appellant.

Ralph Sadler Rosen for Apellant.

Hy Schwartz for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover the balance due on a promissory note, defendant appeals.

The essential facts are these:

Prior to February 3, 1945, defendant was the owner of a parcel of property known as 1438 San Ysidro Drive, Los Angeles. She engaged plaintiff, a real estate broker, to sell the property and agreed to pay a commission of $900. In early February, 1945, a sale of the property was consummated and the commission earned. Shortly thereafter plaintiff interested defendant in the purchase of a home at 2020 Coldwater Canyon Drive, Los Angeles. The owner of the property had agreed to pay to plaintiff upon the sale of the property a commission of $1,500. In order that defendant might finance the purchase of the Coldwater Canyon property plaintiff agreed to loan defendant $2,400, which sum con-

sisted of the $900 commission defendant owed plaintiff and the $1,500 commission plaintiff was to receive from the vendors of the Coldwater Canyon property. Thereafter defendant purchased the Coldwater Canyon Drive property. As evidence of the foregoing loan defendant signed the following note:

"L. & D. No. ........                    $2400.00

Beverly Hills, Calif. February 14, 1945

"As per written agreement of even date, on demand, after date, for value received, the undersigned, jointly and severally promise(s) to pay to Mary Helena Lederer or assigns or order at its offices in Beverly Hills, Calif.

"The Sum of Twenty-four Hundred and no/100 ........ Dollars to bear no interest until date of demand—Thereafter interest at 6% per annum.

"Should the interest not be so paid, it shall thereafter bear like interest as the principal. Should default be made in the payment of any installment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. The undersigned (jointly and severally) further promise(s) to pay all costs of collection, including attorney's fees, which may be incurred in the collection of this note or any portion thereof. In case suit is instituted for such purpose, the amount of such attorney's fees shall be such amount as the court shall adjudge reasonable. Principal and interest payable in lawful money of the United States of America. The makers, sureties, guarantors and endorsers of this note hereby consent to extension of time prior to, at or after maturity and hereby waive, diligence, protest, demand and notice of every kind. Should this note be signed by more than one person, firm or corporation, all of the obligations herein contained shall be considered the joint and several obligations of each signer hereof.

"This note is given as security and agreement to repay the sum of $2400.00 cash loaned to Frances Muir by Mary Helena Lederer.

(Signed) Frances Muir."

At the same time plaintiff and defendant signed the following agreement:

"It is hereby agreed that the $900.00 commissions due Mary Helena Lederer, as agent, from the sale of 1438 San

Ysidro Drive and also the commission of $1,500.00 due Mary Helena Lederer from the sale of 2020 Cold Water Canyon Drive to Frances Muir, is hereby loaned to the undersigned, Frances Muir, for her purpose of purchasing the above mentioned 2020 Cold Water Canyon Drive property.

"To secure the above $2,400.00, the undersigned, Frances Muir, agrees to return said $2,400 from the sale of the vacant south portion of 2020 Cold Water Canyon property, running approximately 50 feet parallel to the Feldman property, for not less than $11,000.00 plus any cost of carrying charge, interest and escrow charges from date of close of escrow plus sales commission, if any.

"This loan and agreement is secured by note of even date herewith.

"Dated this 14th day of February, 1945.

(Signed) Frances Muir<br>"  Mary Helena Lederer"

On September 19, 1945, plaintiff made written demand upon defendant for the payment of the foregoing note.

There are three questions presented for our determination:

First: *Was the note above mentioned secured by a mortgage?*

This question must be answered in the negative. A mortgage is a contract by which specific property is hypothecated for the performance of an act. (Civ. Code, § 2920.) In the present case the agreement executed by the parties did not fall within the foregoing definition of a mortgage. (See, also, *Strickler Co.* v. *Eisner,* 5 Cal.App.2d 441, 442 [42 P.2d 1065] ; *Johnston* v. *Murphy,* 36 Cal.App. 469, 470 [172 P. 616].)

In the most favorable view to defendant the agreement of the parties constituted a security for the payment of the note, which security did not constitute a mortgage; therefore plaintiff was entitled to waive the security and sue upon the note. (Civ. Code, § 3268; *Martin Music Co.* v. *Robb,* 115 Cal.App. 414, 419 et seq. [1 P.2d 1000].)

Second: *Did the fact that the agreement between the parties provided that defendant was to repay the note from the money received from the sale of part of the property known as 2020 Coldwater Canyon Drive fix the time that the note was to be paid?*

This question must likewise be answered in the negative. It appears clearly that the statement, "To secure the above

$2400.00, the undersigned, Frances Muir, agrees to return said $2400.00 from the sale of the vacant south portion of 2020 Cold Water Canyon property," constituted merely a statement that any sum received from the sale of such property should constitute additional security for the note which defendant had executed in plaintiff's favor and was not a part of the note which on its face stated it to be due on demand. Likewise the statement, "This loan and agreement is secured by note of even date herewith" appearing in the agreement was merely a layman's manner of expressing the fact that the loan was evidenced by a note of even date, it being obvious that the note could not be security for the agreement in a transaction of the nature of the one here involved.

Third: *Did the trial court commit prejudicial error in failing to find that plaintiff was a duly licensed real estate broker at the time of the transaction mentioned in the complaint?*

This question must also be answered in the negative. Section 10136 of the Business and Professions Code provides that an action cannot be maintained for the collection of a commission earned as a broker in the sale of real estate in the absence of an allegation and proof that plaintiff was a duly licensed real estate broker or real estate salesman at the time the alleged caused of action arose. It is evident that the present action is not one for the purpose of recovering a broker's commission for the sale of real estate, but to recover a sum of money loaned and evidenced by a promissory note. Hence the allegation in the complaint that plaintiff was a duly licensed real estate broker was an immaterial allegation, and the denial thereof merely created an immaterial issue; therefore under the established rule that a failure to find upon an immaterial issue does not constitute prejudicial error, defendant has failed to present a valid ground for reversal of the judgment. (*Bacon* v. *Bacon,* 21 Cal.App.2d 540, 546 [69 P.2d 884]; *Luitwieler* v. *Luitwieler,* 71 Cal.App. 50, 58 [234 P. 329].) The appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

MOORE, P. J.—I concur. Appellant has presented her case upon a bifurcated theory (1) as though she had pleaded fraud in inducing her to execute the note and (2) as though the "contract" of even date with the note were a limitation

upon the maker's liability to pay according to her written promise "on demand." With reference to the conversation given in testimony of defendant and her husband which implies that plaintiff had made oral promises to cause defendant to execute the note, no fraud is pleaded. The answer is merely a general denial. Under the pleading of plaintiff that there was no consideration for her written agreement to loan the $2,400 to defendant or under the theory that parol testimony was admissible to explain the second writing, the court heard defendant's witnesses give copious testimony. Despite such proof, however, the court in the exercise of its judicial function found in accordance with the express terms of the note, that the agreement was executed as a security for the note, that such security was waived and that the note became due when demand for payment was made.

The writings required no testimonial proof of their meaning. They show that defendant owed plaintiff $900 for services and that such sum together with a $1,500 commission earned by her sale of the Coldwater Canyon property to defendant was loaned to defendant as an accommodation. Nothing in the agreement eliminated the "demand" feature of the note. A reasonable construction of its language is that the $2,400 should be payable out of the proceeds of the sale of the vacant south 50 feet of the canyon property, however soon such sale should occur and whether plaintiff should make demand or not; but the right to demand payment was not curtailed by plaintiff's right to collect out of the proceeds of such sale. If the parties had contemplated that the note should not be paid even though no sale should be made, they could and would have used words to deprive plaintiff of the sole power to determine the maturity date of the note. The only advantage to Mrs. Lederer from the contract was the prompt payment of the $2,400 upon sale of the canyon property. She owned the money specified in the note, she loaned it to defendant and is entitled to be repaid according to the terms and tenor of the note unless she waived her right thereto by the contemporaneous writing. No such waiver appears there, but on the contrary only a definite agreement "to secure the above $2400 . . . from the sale of the vacant south portion of 2020 Cold Water Canyon property . . . for not less than $11,000."

A contract is not to be interpreted capriciously but according to the established rule that will give effect to every clause, phrase and word in it unless such construction is

clearly repugnant to the intention of the parties or would lead to an absurdity. Also, it must be so construed as to make it definite and reasonable. (*Cole* v. *Low,* 81 Cal.App. 633, 637 [254 P. 676].)

Appellant cites authorities (Civ. Code, § 1642; *Spotton* v. *Dyer,* 42 Cal.App. 585, 588 [184 P. 23]; *Goodwin* v. *Nickerson,* 51 Cal. 166, 169; *Mutual Bldg. & Loan Assn.* v. *Beers,* 117 Cal.App. 200, 204 [3 P.2d 565]) to the effect that contracts relating to the same matters, between the same parties in one transaction are to be taken together. This is a fundamental rule and there is no indication that it was not observed by the court below. There is no provision in the agreement that the note should not mature prior to a sale of the canyon lot. It was executed as a security and having been waived, judgment on the note was imperative.

WILSON, J.—I dissent.

(1) Although appellant expressly conceded in her opening brief that the agreement signed by her on February 14, 1945, did not create a mortgage and "could not . . . be construed as security for the note," respondent's brief contains a needless argument that the agreement was security for the note and that she waived the security in order to sue on the note. Since a defense on that ground was not made by appellant at the trial and is renounced on the appeal the discussion of the subject in Mr. Justice McComb's opinion is unnecessary and answers a nonexistent question.

(2) The promissory note sued on and the agreement were executed contemporaneously, were parts of the same transaction, and must be read and construed together as if they were one instrument. Appellant, while testifying under section 2055 of the Code of Civil Procedure, identified her signature on the promissory note and stated "but along with that was a contract which was attached to it at the time." Respondent's counsel then produced the agreement which was identified by appellant and received in evidence. Appellant was asked by respondent's counsel whether she had given respondent any money or agreed to pay her any money other than that represented by the promissory note. Appellant responded: "No, I didn't agree to give her any money. I didn't owe her any money until the lot was sold, which we entered into a business arrangement, an agreement. We were partners in a business agreement. And I owed her no money until she sold the lot." In answer to a question by the court appellant

testified: ''Mrs. Lederer knew that we were unable to buy the full three acres at 2020 Cold Water Canyon, and she told us she had a buyer for one acre, or one parcel of property, which would enable us to buy the remaining two acres and house, which we wanted. Well, the buyer never materialized, so we entered into a business arrangement whereby she would leave the commission, not take her commission out until such time as she had sold that lot that she had agreed to sell, and it was simply to remain in status quo until the lot was sold; and at such time as—and we had a written agreement to that effect—at such time as the lot was sold she was to have her $2,400, which she would still be going to have if she had sold the lot. But the lot has not been sold. Nor—I believe there has been no effort to sell the lot.''

Appellant's evidence was corroborated by that of her husband who testified concerning the conversations leading up to the signing of the promissory note and the agreement as follows: ''Mrs. Lederer discussed the sale of her house and the possible buying of another one. I told Mrs. Lederer that I was perfectly willing to change houses if Mrs. Muir would be happier, providing I didn't have to invest one nickel, that I didn't have it. I also told her that I was a free lance actor and I didn't know when I would work again, whether tomorrow or a year from tomorrow. . . . Under the circumstances, with no income, no employment, it is utterly ridiculous that you would have any deal or proposition by which I could pay the Lederers $2400 until I could sell this extra land. This was a $30,000 house which I could never afford until I acquired that $11,000 to help me out. I made that agreement very clear. And under no circumstances would we have entered into such a deal, regardless of anything that might appear in the writing in the contract. It is my fault, I suppose, by not getting an attorney and by having so much faith in Mrs. Lederer's integrity and intentions.''

Respondent was not called as a witness in her own behalf. Her husband testified that he prepared the promissory note, filling in the blanks in a printed form, and that the agreement was dictated in his presence.

No evidence whatsoever was offered contradicting that of appellant and her husband. Patently the two instruments are a part of one transaction and must be so read. The note and the agreement are both dated February 14, 1945. The

note provides: "As per written agreement of even date on demand after date, for value received, the undersigned" promises to pay, etc. The last sentence of the note, which follows the printed portion, was written by respondent's husband in her behalf and reads: "This note is given as security and agreement to repay the sum of $2400. cash loaned to Frances Muir by Mary Helena Lederer." The agreement, after reciting that respondent loaned the sum of $2,400 to appellant, provides: "To secure the above $2,400.00, the undersigned, Frances Muir, agrees to return said $2,400.00 from the sale of the vacant south portion of 2020 Cold Water Canyon property, . . . This loan and agreement is secured by Note of even date herewith." The quoted language of the agreement was not, as stated in each of the opinions of the majority, "additional security for the note." In fact there was no security for the payment of the note. The agreement placed a limitation on the payment, to wit, that payment was not to be made or required save from the sale of the property described. Emphasizing this view is the language of the note itself that it is to be paid "as per written agreement of even date," that is, from the sale of the property.

Each instrument refers to the other in such manner as to require them to be read as one document. The note is to be paid "as per written agreement of even date" and the agreement purports to be secured "by note of even date herewith." It is obvious, however, that the agreement was not secured by the note. Moreover, the oral evidence leading up to their execution, which was introduced not for the purpose of changing the terms of either instrument but of showing their interrelation, conclusively demonstrates that neither document would have been executed without the other. The note would not have been executed except for the agreement providing for its payment from the sale of the Coldwater Canyon property and the agreement would not have been signed except for the purpose of specifying the manner of payment of the note. The two documents and the uncontradicted evidence show that the intention of the parties was (1) that the note was not payable until after the property referred to in the agreement had been sold, and (2) that the note was not a demand note in the ordinary legal significance of that term but that it was payable on demand only "as per written agreement of even date," that is after the Coldwater Canyon property had been sold. The only reasonable and rational

conclusion that can be placed upon the two documents is that demand for payment was not to be made except "as per written agreement of even date" which provided that appellant "agrees to return said $2,400.00 from the sale of" a portion of the Coldwater Canyon property.

Section 1642 of the Civil Code reads as follows: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Where there is a contemporaneous written contract affecting the terms of a promissory note the contract must be construed with the note and any lawful condition added to the note by such collateral agreement may be enforced. (*Goodwin* v. *Nickerson*, 51 Cal. 166, 169; *Spotton* v. *Dyer*, 42 Cal.App. 585, 588 [184 P. 23]; *Mutual Bldg. & Loan Assn.* v. *Beers*, 117 Cal.App. 200, 204 [3 P.2d 565].) Where an obligation is payable upon the happening of a contingency it does not mature until the contingency occurs and the payee of the obligation is not entitled to recover in the absence of proof of such happening. (*Clarey* v. *Security Portland Cement Co.*, 99 Cal.App. 783, 787 [279 P. 483]; *Lynch* v. *Keystone Consol. Mining Co.*, 163 Cal. 690, 698 [126 P. 968]; *Cantwell* v. *Gage*, 111 Cal.App. 209, 212 [295 P. 375]; *Vatcher* v. *Grier*, 50 Cal.App. 39, 41 [195 P. 75]; *Lind* v. *Huene*, 205 Cal. 569, 576 [271 P. 1087].)

In *Rosenfeld* v. *Miller*, 1 Cal.2d 206, 211 [33 P.2d 1013], it was held that a real estate broker was not entitled to recover his commission for the negotiation of a lease because certain conditions upon which the commission was to be payable had not been fulfilled. In *Lindley* v. *Fay*, 119 Cal. 239, 243 [51 P. 333], the agreement provided for the payment of commissions out of the first moneys received. No money having been received the court held that the broker was not entitled to his compensation although he had produced a purchaser ready, able and willing to purchase on the prescribed terms.

Where a contract limits the liability for payment to funds to be derived by the payor from a specified source, there can be no recovery in the absence of pleading and proof that the debtor had received funds from that source. (*Martin* v. *Martin*, 5 Cal.App.2d 591, 593 [43 P.2d 314]; *Lynch* v. *Keystone Consol. Mining Co., supra*, at p. 698; *Flippen* v. *Abbey*, 135 Cal.App. 666, 671 [27 P.2d 792].)

The proof is that the Coldwater Canyon property had not been sold at the time of the trial, hence there was no fund from which the loan made by respondent was payable, the note had not matured, and respondent's cause of action had not accrued.

(3) The complaint alleged that at the time of the transaction referred to respondent was a licensed real estate broker. This allegation, as were all other allegations in the complaint, was denied by a verified answer. No evidence was introduced upon said allegation and the court's failure to make a finding thereon was error. (Bus. & Prof. Code, § 10136.) Although the action is brought upon a promissory note executed by appellant the accompanying agreement recites that the sum of $2,400 loaned by respondent to appellant consisted of $900 commission due respondent upon the sale of appellant's property on San Ysidro Drive and $1,500 derived from another source. The agreement recites that the sum of $900 is a commission due respondent as agent from the sale of the San Ysidro Drive property. If respondent was not a licensed real estate broker at the time of the sale she was not entitled to a commission from appellant and therefore had not earned the sum of $900 which she purported to loan to appellant. In that event the money agreed to be loaned to appellant was the latter's own property.

For all the reasons stated the judgment and the order denying a new trial should be reversed.

A petition for a rehearing was denied May 19, 1947. Wilson, J., voted for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1947. Traynor, J., and Carter, J., voted for a hearing.